Filed Feb. 4, 1890.

No. 13,982.

COLEE v. COLEE ET AL.

DEED.—*Execution of.*—*Finding.*—*Delivery.*—The finding that a deed was executed includes, as a necessary and essential incident, the delivery of the instrument ; for there can not be an execution of a deed without an actual or constructive delivery.

SAME.—*Retention by Grantor of Recorded Deed.*—*Delivery and Acceptance.*—A wife, for the purpose of putting land beyond the reach of her husband, signed and acknowledged a deed in which the land was conveyed to her children, all of whom but one were infants. Three of the grantees, including the adult, had knowledge of, and assented to, the conveyance. After the deed was signed and acknowledged the grantor caused it to be recorded and then took possession of it, intending to retain the deed and the land in her possession until her death.

*Held*, that these facts constituted a *prima facie* delivery and acceptance of the deed.

SAME.—*Voluntary Conveyance by Parent.*—*Placing of on Record.*—*Presumption of Intention.*—The making of a voluntary conveyance, absolute in form, and beneficial in effect, by a father or mother, to one who is not *sui juris*, and placing it upon record, is deemed to evince an unmistakable intention on the part of the grantor to give the deed effect, and pass the title to the grantee, the assent of the latter, if nothing further appears, being presumed from the beneficial character of the transaction.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener*, for appellant.
*B. F. Love*, *H. C. Morrison* and *A. Major*, for appellees.

MITCHELL, C. J.—This was an action by Elizabeth R. Colee against Charles Colee, and others, to quiet the title to certain real estate of which the plaintiff alleged she was the owner, and in possession. In one of the paragraphs of the complaint the plaintiff alleged that she signed, acknowledged and placed upon the record a deed which purported upon its face to convey the real estate, described in the complaint, to the defendants, who are her children, and are, with one exception, infants under the age of twenty-one years; that by the terms of the deed she reserved to herself a life-estate in the land; that the deed was wholly voluntary, and was never delivered otherwise than as above. The court found the facts specially. The only material facts found within the issues are, that the plaintiff, "on the 5th day of January, 1885, executed her deed of conveyance" to the defendants, naming them, as her children, whereby she conveyed to them the real estate in controversy, reserving to herself a life-estate therein, without any consideration paid, or expected to be paid. It is also found that the plaintiff, after signing, acknowledging, and causing the deed to be recorded, took it into her possession, intending to retain possession of the deed and the land during her lifetime, and that her purpose in conveying the land to her children was to defeat the collection of a supposed claim in favor of her husband.

· The only question involved in this appeal relates to the propriety of the conclusions of law stated by the court. On the appellant's behalf it is contended that the special finding of facts does not support the conclusions of law, because it appears therein that the grantor, after signing, acknowledging, and causing the deed to be recorded, took it into her possession, intending to keep possession of it and the land during her lifetime. Hence, it is argued, that it appears

from the facts specially found that the deed never was delivered to, or accepted by, the grantees.

It is familiar law that, until a deed is delivered, or until something is done which is in law tantamount to delivery, the instrument is ineffectual, and does not convey the title to land. Delivery, or that which is legally its equivalent, is as essential to the validity of a deed as is the signature of the grantor. *Scobey* v. *Walker*, 114 Ind. 254, and cases cited; *Hockett* v. *Jones*, 70 Ind. 227; *Purviance* v. *Jones*, 120 Ind. 162; *Fain* v. *Smith*, 14 Oregon, 82 (58 Am. Rep. 281); *Taft* v. *Taft*, 59 Mich. 185 (60 Am. Rep. 291); *Stone* v. *French*, 37 Kan. 145 (1 Am. St. Rep. 237).

The first fact entered in the special finding is, that the plaintiff executed her deed of conveyance to the defendants on a given date.

The finding that a deed was executed includes, as a necessary and essential incident, the delivery of the instrument. This is so, because there can not be an execution of a deed without an actual or constructive delivery. *Patterson* v. *Underwood*, 29 Ind. 607; *Fisher* v. *Hamilton*, 48 Ind. 239.

In view of the finding that the plaintiff executed her deed of conveyance to the defendants, the fact of delivery is not open to controversy.

Leaving the above finding out of view for the time being, and it appears from the facts specially found that the appellant, for the purpose of putting the land beyond the reach of her husband, signed and acknowledged a deed in which the land was conveyed to her children, all of whom, with one exception, were infants. Three of the grantees, including the adult, had knowledge of, and assented to, the conveyance. After the deed was signed and acknowledged the grantor caused it to be recorded and then took possession of it, intending to retain the deed and the land in her possession until her death. These facts constitute *prima facie* a delivery and acceptance of the deed.

As a general proposition, the making of a voluntary con-

veyance absolute in form, and beneficial in effect, by a father or mother, to one who is not *sui juris*, and placing it upon record, although possibly not effectual without more as a delivery and acceptance between adults, is deemed to evince an unmistakable intention on the part of the grantor to give the deed effect, and pass the title to the grantee, the assent of the latter, if nothing further appears, being presumed from the beneficial character of the transaction. *Vaughan* v. *Godman,* 103 Ind. 499, and cases cited; *Weber* v. *Christen,* 121 Ill. 91; *Burke* v. *Adams,* 80 Mo. 504 (50 Am. Rep. 510); *Tobin* v. *Bass,* 85 Mo. 654 (55 Am. Rep. 392; *Parmelee* v. *Simpson,* 5 Wall. 81.

The presumption is made stronger in favor of the delivery of deeds in cases of voluntary settlements than in ordinary cases of bargain and sale. *Walker* v. *Walker,* 42 Ill. 311.

The fact that the grantor took possession of the deed after it was recorded, intending to retain it in her possession during her lifetime, is not of itself sufficient to rebut the presumption of delivery which arose from the making and placing of the deed upon record. The fact that a grantor has possession of a deed after it has been duly recorded, where the statute makes the record admissible as original evidence of the conveyance, is not entitled to much consideration, especially where the grantees are minors, and members of the grantor's family. *Mitchell* v. *Ryan,* 3 Ohio St. 377. As was in effect said in the case last cited, very clear proof ought to be made to warrant a court in holding that a man who has signed and acknowledged a deed, and caused it to be recorded, did not mean thereby to part with his title. *Tobin* v. *Bass, supra.*

Any view that may be taken of the facts found leads to the conclusion that the law was correctly stated by the court.

The judgment is affirmed, with costs.

Filed Feb. 4, 1890.