STATE, EX REL. SAUTER ET AL. *v.* RICHEY ET AL.

[No. 25,811.   Filed June 27, 1930.]

*F. A. Heuring* and *J. A. Posey*, for appellants.

*R. E. Roberts*, *L. N. Savage* and *L. A. Savage*, for appellees.

TRAVIS, J.—This is a suit by *quo warranto* informations (§§814, 815, 817, Civil Code 1881, §§1208, 1209, 1212 Burns 1926) by relators Alexander J. Sauter and Walter R. Richey, denominated cross-complaints, to determine the title to the office of township trustee of Hammond Township, Spencer County, Indiana. The original suit was instituted by the Grandview Bank at Grandview, Spencer County, Indiana, which alleged that its defendants Alex J. Sauter and Walter R. Richey were each claiming to be the lawfully constituted and appointed trustee of Hammond Township, and that each claimed to have possession of and to be entitled to hold the position and office of trustee of this township; and, further, that it held on deposit a large sum of money in a checking account of which each of the contending defendants claims to have control and custody, and prayed that the court order plaintiff to pay such township funds to the clerk of the court.

The allegations of the complaint necessary to support

the finding were admitted by each defendant, and the court thereupon adjudged that the plaintiff bank be authorized and directed to pay all sums of money then on deposit with it to the clerk of the court, to be held by the clerk subject to the further order of the court. Prior to the rendering of the foregoing judgment, defendant Sauter filed his information in the nature of *quo warranto* against the appellees in this action, to judicially determine the title to the office of trustee between him and Walter R. Richey. Thereupon, Walter R. Richey filed his information in the nature of *quo warranto* against appellants, which was for the purpose of determining the same question. Upon request, the court made its special findings of the facts and stated its conclusions of law which are in favor of appellee Richey, and adjudged that appellee Richey was entitled to the office of township trustee.

As found by the court to be the facts, one Oscar Doyle was elected trustee of Hammond Township at the general election November, 1926, after which he qualified as such officer and performed the duties of the office until November 14, 1927, when at eight o'clock in the morning he died. One hour thereafter, to wit, nine o'clock, the auditor of Spencer County, James A. Laird, appointed appellant Sauter (Acts 1859, ch. 133, §9, §12029 Burns 1926) as trustee to fill the vacancy. Thereafter, on November 14, the county commissioners, by a record entry, appointed appellee Richey as trustee to fill the vacancy.

The sole question to be determined in this case is whether the board of county commissioners was in "regular session" (Acts 1899, ch. 154, §50, §5911 Burns 1926) when it appointed Richey trustee to fill the vacancy brought about by the death of Oscar Doyle. The board of county commissioners of Spencer County met in regular session November 7, 1927, which was the

first Monday of the calendar month, and also met on November 8, 1927, at which last meeting it entered the following order: "This session of the board of county commissioners is recessed from day to day until Saturday, November 19, 1927." The board of county commissioners did not meet again pursuant to this order until November 14, 1927, upon which day it made its order appointing appellee Richey to the office of township trustee of Hammond Township to fill the vacancy caused by the death of trustee Doyle.

Appellant Sauter contends that, the county commissioners having failed to meet pursuant to its order from day to day, and each day from November 8 to November 14, inclusive, the regular session for November, 1927, ended, as a matter of law, with the session held November 8, and that, at the date of the death of trustee Doyle, the board of county commissioners was in vacation, and that the action of the county auditor, Laird, appointing him to fill such vacancy was legal.

The judgment appealed from is founded upon the conclusions of law in favor of appellee Richey.

The questions presented for decision are predicated upon the action of the trial court upon demurrers to the informations and to answers; upon motions to make pleadings more specific; upon motions to strike out pleadings; upon the conclusions of law; and upon the motion for a new trial, that the evidence is insufficient to sustain the decision, and that the decision is contrary to law. The demurrers, the motions to strike out, and the motions to make more specific by pleading facts to sustain alleged conclusions of fact all point to the legal right of the board of county commissioners to hold the meeting November 14, at which meeting the board of county commissioners appointed appellee Richey. Appellants rest their case under these alleged errors upon the order made by the board of county commissioners on Tuesday,

November 8, as quoted, and make the point thereunder that the board of county commissioners, not having met in regular session on any of the days between November 8 and November 14, could not legally meet in regular session on November 14, the day it made the appointment, and also the point that the legal effect of the board's failure to meet from day to day and each of the days beginning with November 9, to and including November 14, was to cause the board to adjourn without day, that is to say, that the regular November session of the board adjourned for the session on November 8, by operation of law. The order of the board of county commissioners, if it was effectual for any purpose, did not have the effect of an adjournment in session time to a day certain.

The question is presented whether a board of county commissioners must at the end of each day enter an order to meet on the succeeding day, if it intends so to meet, for the purpose of prolonging the monthly session of the board the next succeeding day, in order to prevent the adjournment of the regular session without day, by operation of law.

The question is also presented whether a board of county commissioners, having legally met and begun the regular session on the first Monday of a month, may decide not to meet the next day or until a future time, without causing an adjournment of the regular session for that month without day by operation of law. The statute requires that there shall be a regular session of the board of county commissioners begun on the first Monday of each calendar month and continued so long as the necessary business of such session absolutely requires. (Acts 1889, ch. 154, §50, §5911 Burns 1926). The days upon which it is most suitable for the board to meet to perform the necessary business which may come before it at a regular session are best known to the board itself. The proceedings and

determinations of the board may not be judicially found to be void because of an alleged abuse of discretion by the board in fixing the days when it would sit during regular session, and upon which days the proceedings and determinations complained of were performed. It is not the legislative intent by this statute that the board of county commissioners meet each and every day without intermission after having met legally the first Monday in the calendar month. It is not for the court to judicially determine whether it was necessary for the board of county commissioners in regular calendar-month session to meet thereafter on this day or that day, or whether they should meet each day without intermission until all the necessary business of such session was disposed of and concluded. The legislative intent of this statute is not mandatory in the sense that judicial control is given to determine the discretion of the board in the fixing of its meetings during the session. In this regard, the statute is merely directory. The board meets upon its own adjournments, which determination is exclusively one for the board to make. *Kraus* v. *Lehman* (1908), 170 Ind. 408, 425, 83 N. E. 714, 84 N. E. 769, 15 Ann. Cas. 849. Under this statute, the board of county commissioners, after having met and opened the session on the first Monday of the calendar month, meets upon its own discretion in order to perform the necessary business absolutely required to be performed at that session. This discretion need not be fixed by a recorded order to meet on the next day or at any succeeding day, except for the purpose of the convenience of parties who have business before the board. It is for the board of county commissioners to decide what proceedings will be necessary for it to determine at a regular session. In so far as the necessity exists, or does not exist, to continue the calendar-month session to the end of the month, in deciding the legal effect of the order of the board of county

commissioners made November 8, as quoted, such necessity in no respect requires the board to meet each and every day in order to prevent an adjournment of the session without day by operation of law, any more than does the statute of itself require the board of county commissioners to meet each and every day of a term until all the business absolutely required is disposed of without an order of adjournment or recess in order to prevent an adjournment of the session without day, by operation of law. The board of county commissioners in the case at bar had not adjourned the regular session for the calendar month of November without day, and, until it did so adjourn such session, the board of county commissioners was not in vacation, but was in regular session.

Appellant predicates error upon the decision of the court sustaining appellee Richey's demurrer to appellant Sauter's second paragraph of answer addressed to the first paragraph of appellee Richey's information in *quo warranto*. This answer attempts to set up the equity defense of fraud which resulted from a conspiracy between each of the county commissioners and appellee Richey and others unknown to appellant Sauter. The allegation is that, on November 8, 1927, the commissioners and Richey and others unknown, well knowing that Oscar Doyle, then trustee, was dangerously sick and liable to die, conspired to legally appoint Richey as successor to trustee Doyle upon Doyle's death, by making the order in question, which is by the answer alleged to be tinged with fraud as the result of such unlawful conspiracy, and that the meeting of the commissioners was unlawful as held on November 14. The answer in question does not allege that the county commissioners had continued in session as long as the necessary business of such session absolutely required, but by innuendo and inference pleads such to be the fact by the allegation that

the sole and only purpose of the board in making such false and fraudulent record was to attempt to continue the session to be in a position to make the appointment of appellee Richey trustee in the event Doyle, trustee, should die before the meeting of the regular December session of the board.

Inasmuch as it was unnecessary for the board to meet each and every working day following the first Monday of the regular calendar-month session until all the necessary business which might come before that calendar-month session was disposed of, it was a matter for the board itself to determine when it would sit in session, notwithstanding it made and entered the order as quoted. Not having adjourned the calendar-month session of November, 1927, without day, it follows therefore that the board of county commissioners was not in vacation, but was in regular calendar-month session for the month of November, 1927. The equitable defense of fraud may not be predicated upon a lawful act. The answer must rest upon facts that will sustain a finding of fraud sufficient to vitiate the action of the board on November 14. The general public, even though unanimous, does not have the legal right to determine for the board what proceedings it must consider pursuant to a determination at the then session, any more than it might govern the determination of a proceeding that the board must, at its mandate, make. The board not only determines what proceedings it will consider at the session, but at what time during the session it will consider them, and also whether it will continue the matters to the succeeding calendar-month session. It is well recognized that the board may adjourn its sittings to a day certain. *Kraus* v. *Lehman, supra.* This may be done to consider matters *in fieri* or matters purely prospective. The board of county commissioners determines for itself the times of its sittings, and its adjournments. Until the statutory

time for the length of a regular session has expired, or until the board has by its order adjourned the session without day, the board meets upon its own determination; it is not in vacation. The board of county commissioners, being in regular session on November 14, had the legal right to appoint the successor to Oscar Doyle, township trustee.

Appellant assigns error upon the decision of the court overruling his motion to require the appellee to state facts to support the conclusion of fact in appellee's first paragraph of information. In the paragraph of information, appellee alleged that the board of county commissioners was in regular session November 14, 1927. The appellant in his motion alleges this is a statement of a conclusion of fact, and that, to make it good, facts should be pleaded which show that the board of county commissioners met and organized the regular session for the calendar month of November on the first Monday of the month. In the absence of an allegation to the contrary, it will be presumed that the board of county commissioners met on the first Monday of November, 1927, as prescribed by statute (§5911 Burns 1926), and need not be pleaded. *Board, etc.,* v. *Brown* (1867), 28 Ind. 161, 164. The allegation in the information is the statement of an ultimate fact. The facts which the motion sought to be pleaded in support of the so-called conclusion are matters of evidence and defense. The same question arises in appellant's sixth assigned error, which is predicated upon the decision of the court overruling appellant Sauter's demurrer to the first paragraph of appellee's information. The demurrer admitted the allegation as true, i. e., that the board of county commissioners was in regular session on November 14, 1927, as was alleged in so many words in appellee's information. Appellant made the point under his demurrer that the allegation in the information

is a conclusion, and that, inasmuch as the fact that the board met in regular session on the first Monday of the month was not pleaded, the cause of action was not well pleaded. This point as made by appellant is a matter of defense, and the demurrer admits the information. The action of the court in overruling appellant's demurrer and appellant's motion to make more specific was not erroneous.

Appellant predicates error upon the decision of the court sustaining appellee's motion to strike out parts of appellant Sauter's first paragraph of answer to appellee Richey's information. The parts of the special answer sought to be eliminated by the motion did not admit the cross-complaint, but it amounted to a denial of its allegations. The office of an affirmative special answer is not to set up a cross-action, nor to merely deny the pleading to which it is addressed. An affirmative answer admits the truth of the pleading to which it is addressed, but seeks to obviate the effect of the pleading to which it is addressed by something extraneous to the pleading itself. *Flying Squadron Foundation* v. *Crippen* (1930), 201 Ind. 482, 169 N. E. 843. The parts sought to be stricken out by the motion amount only to a general denial. The court did not err in its ruling.

Appellant assigns error upon the first and second conclusions of law. The record shows but one conclusion of law, to wit: "That the law is against the defendants and cross-complainants Alex J. Sauter, Jr., and Alex J. Sauter, Jr., Trustee of Hammond Township, Spencer County, Indiana, on said defendant's and cross-complainant's cross-complaint herein, and the court further concludes that the law is with the defendants and cross-complainants Walter R. Richey and Walter R. Richey, Trustee of Hammond Township, Spencer County, Indiana, on their cross-complaint herein, and that the defend-

ant and cross-complainant, Walter R. Richey, has been duly and legally appointed Trustee of Hammond Township, Spencer County, Indiana, by the Board of County Commissioners of Spencer County, Indiana, and that said Walter R. Richey is duly and legally qualified under the law to hold the office of Township Trustee of Hammond Township, and to assume all the duties of such trustee of said township, and the court now, on this the 22d day of June, 1929, signs, files and submits the above and foregoing as his special finding of facts and conclusions of law in the above entitled cause.

"Alvin Padgett. Special Judge."

The assignment of error is supported, as pointed out by appellant, by the following special findings: "(9) That the duly qualified and acting members of the Board of County Commissioners of Spencer County, Indiana, on the 7th day of November 1927 and continuously thereafter during the said month of November, were Charles A. Schumacker, John Mulzer and John H. Ravens, and that such commissioners met in regular session on Monday November 7th and Tuesday November 8, 1927 and on November 8, 1927 recessed the meetings of said board of commissioners from day to day until November 19th, 1927; (10) that said board of commissioners, met on the 14th day of November, 1927, found that the said Oscar Doyle, was deceased, that Walter R. Richey was qualified and eligible to hold the office of trustee of said Hammond Township, and appointed the said Walter R. Richey township trustee of said Hammond township, Spencer County, Indiana; (12) that said Board of Commissioners convened in regular session on November 7th, 1927, and continued in said regular session from day to day thereafter to and including November 23d, 1927 and that said November term 1927 of said board of commissioners was adjourned for the term on November 23d, 1927."

Appellant's point to sustain his proposition that the conclusion of law is error is that special finding No. 12 is a conclusion of law, and as such is erroneously incorporated in the findings of fact and should be disregarded. Concluding therefrom that, if finding No. 12 is disregarded, the other special findings do not contain the facts necessary to maintain appellee Richey's title to the office, and that finding No. 9 does not support the conclusion of law because it fails to show that the board met in conformity with its order of November 8, as quoted in this respect, that the findings do not show that the board met on the next day, to wit: November 9, after making such order, and failed to meet on each successive day thereafter without intermission of a day, and their failure to meet on any one day, as they did fail to meet, according to the special findings, will result in a lapse of the term.

It is the opinion of the court that finding No. 12, relied on by appellant, is not a conclusion of law, but is a finding of ultimate facts. If the three special findings of facts are not conclusions of law and are embraced within the issues, appellant's exceptions to the conclusions of law admit the findings to be supported by the evidence. *Fleming* v. *Greener* (1909), 173 Ind. 260, 267, 90 N. E. 72, 140 Am. St. 254, 21 Ann. Cas. 959. The conclusion of law is not erroneous.

Appellant predicates error upon the exclusion of evidence. The auditor of Spencer County was asked how much of the township funds he had paid to appellant Sauter as trustee under the appointment made by him as auditor of the county. Objection to the question was sustained. If the witness should answer either way, that he had paid a certain amount of money to Sauter as trustee, or that he had paid him nothing, it would not tend to prove or disprove any fact in the *quo warranto* proceedings to decide the title to this

office of township trustee. Any act of the auditor of the county may not lend itself to add to the weight of the evidence to determine whether the board of county commissioners was in regular session on November 14 or no. The sustaining of objections to questions seeking such evidence did not constitute error. The board of county commissioners met November 19, 1927, and entered its order declaring void its appointment of appellee Richey as such trustee at its meeting held November 14, and setting such appointment aside. A board of county commissioners may not set aside its orders or judgments, because it is a tribunal of the nature which has not such power. *Doctor* v. *Hartman* (1881), 74 Ind. 221, 224, 225; *Badger* v. *Merry* (1894), 139 Ind. 631, 634, 39 N. E. 309.

The appointment made November 14, 1927, stands as a matter of record unharmed by the order made by the board November 19, 1927. The board at its meeting November 19, also appointed appellee Richey such township trustee to fill the vacancy. This order is without foundation or force. There was no vacancy, because of the appointment made by the board at its meeting November 14. The action of the court overruling the motion for a new trial was not erroneous.

Judgment affirmed.