SODDERS ET AL. *v.* JACKSON.

[No. 16,933.   Filed October 20, 1942.]

180

*O. W. Whittinghill, Charles E. Schwartz, Wayne Hinkle,* and *Roscoe D. Wheat,* all of Portland, for appellants.

*Moran & Abromson,* of Portland, for appellee.

BEDWELL, J.—The appellant James O. Sodders, administrator of the estate of Newton L. Jackson, deceased, filed, in the court below, a petition to sell two separate tracts of real estate alleged to be the property

of his decedent for the purpose of paying debts, and made his co-appellants, Union State Bank of Redkey, Indiana, and Margaret Jackson, and the appellee, Lloyd L. Jackson, parties defendant.

The appellant Union State Bank of Redkey, Indiana, claimed to be the holder of a mortgage upon the particular real estate, and the appellant Margaret Jackson, who was the widow and a second childless wife of the deceased, claimed a statutory lien thereon as such widow. The appellee was a son of the decedent by a former marriage and he claimed to be the owner in fee simple of the real estate by virtue of certain deeds executed between himself and the decedent after the death of his mother and before the marriage of the decedent to the appellant Margaret Jackson.

There was a trial by the court which made a special finding of facts and stated conclusions of law thereon favorable to the appellee. These conclusions of law were to the effect that the appellee was the owner in fee simple of the real estate in question, free of the right of the administrator to sell the same to pay debts and free of any claims of lien thereon or interest therein by the Union State Bank of Redkey, Indiana, or Margaret Jackson.

The appellants, James O. Sodders and Union State Bank, filed separate motions for a new trial which were overruled, and they have appealed and assigned as error that, the trial court erred in each of its conclusions of law and in the overruling of their separate motions for a new trial.

The facts shown by the special finding are in substance as follows:

Laura B. Jackson, the first wife of the decedent and the mother of the appellee, died intestate on January 3, 1928, the owner of the real estate here involved which

consisted of two tracts, one of 58.85 acres and the other of 10.5 acres. Upon her death ownership of one-third of each tract passed to her husband, Newton L. Jackson, the decedent herein, and the other two-thirds thereof to her son, Lloyd L. Jackson, the appellee herein.

On January 6, 1931, Lloyd L. Jackson and his wife conveyed by two separate quitclaim deeds the two tracts of real estate to the decedent, and on the same date the decedent by two separate warranty deeds reconveyed the two tracts to Lloyd L. Jackson, but reserved therein a life estate for himself during the period of his natural life. These four deeds, properly acknowledged, were deposited for record in the office of the Recorder of Jay County, Indiana, at 3 o'clock p. m. on January 6, 1931, and were then recorded in Deed Record 79 at pages 516 and 517. When the recorder entered the same of record he recorded the four deeds in the following order: First, the warranty deed from Newton L. Jackson, father, to Lloyd L. Jackson, son, conveying 58.85 acres; second, the quitclaim deed from Lloyd L. Jackson, son, to Newton L. Jackson, father, conveying 58.85 acres; third, the warranty deed from Newton L. Jackson, father, to Lloyd L. Jackson, son, conveying the 10.5 acres; fourth, the quitclaim deed from Lloyd L. Jackson, son, to Newton L. Jackson, father, conveying the tract of 10.5 acres.

It was the intention of the father and son in the execution and recording of these deeds that the father should relinquish his one-third interest in the real estate in order to acquire the immediate possession and the right to occupy the entire premises during his natural life, and that the son should relinquish his right of possession to an undivided two-thirds interest therein during the life of his father so that at the death of his

father he would own in fee simple all of the real estate left by his mother.

After the making and recording of such deeds, the decedent married the appellant Margaret Jackson, and on April 17, 1940, the decedent and Margaret Jackson executed to the appellant, Union State Bank of Redkey, Indiana, a mortgage upon all of the real estate to secure a preexisting indebtedness. The appellee, Lloyd L. Jackson, did not join in this mortgage and there is no evidence that he had any knowledge thereof when it was executed.

The appellee attacks the sufficiency of appellants' brief to present any questions for determination. It is true that in appellants' statement of the record, and in that portion thereof which contains a condensed recital of the evidence in narrative form, that counsel, in certain instances, have stated their own conclusions as to the contents of certain documentary evidence instead of setting forth literally, or in substance, the contents thereof. This is not in compliance with the rules of the Supreme Court. *Cleveland, etc., R. Co.* v. *Snow* (1906), 37 Ind. App. 646, 651, 74 N. E. 908; *Dillon* v. *State* (1911), 48 Ind. App. 495, 496, 96 N. E. 171; *Huffman* v. *Thompson* (1912), 177 Ind. 366, 98 N. E. 113; *Carmody* v. *State* (1912), 178 Ind. 158, 98 N. E. 870.

The appellee also attacks that portion of appellants' brief which falls under the heading of "Propositions and Authorities," and contends that they have not complied with Rule 2-17 in its preparation. It is also true that this portion of the brief in many respects fails to comply with the rules that govern this court. Appellants treat the alleged error in each of the five conclusions of law together, and wholly fail to specifically point out, by any point, any particular

error in any particular conclusion of law. The points are numbered but they consist of separate statements of fact or of general propositions of law, and neither these statements of facts nor these propositions of law are connected with any particular error in the conclusions of law. Appellants' points under their treatment of errors in the conclusions of law consist in the main of statements of fact, or statements of law bearing upon the sufficiency of the evidence. An exception to conclusions of law raises no question concerning the evidence. An exception to conclusions of law admits that the facts, within the issues, have been correctly and fully found and admits that the findings are supported by evidence. *State, ex rel., v. Richey* (1930), 202 Ind. 116, 172 N. E. 119.

But under that portion of their "Propositions and Authorities" which treats of error in the overruling of the motions for a new trial, the appellants have substantially complied with the rules governing this court so as to present the question of the sufficiency of the evidence to sustain the special finding of facts. They contend that there was no evidence that the deeds signed, acknowledged, and recorded on January 6, 1931, were delivered. There was no proof of possession of the deeds after recording and no proof of who presented the deeds to the recorder for recording. The trial court found in its special finding that these deeds were executed, and execution includes, as a necessary and essential incident, their delivery. This is so because there cannot be an execution of a deed without an actual or constructive delivery. *Colee v. Colee* (1890), 122 Ind. 109, 111, 23 N. E. 687, 17 Am. St. Rep. 345. In this case Judge Mitchell, in discussing the sufficiency of the evidence to show delivery of the deed therein involved, said:

"As a general proposition, the making of a voluntary conveyance absolute in form, and beneficial in effect, by a father or mother, to one who is not *sui juris*, and placing it upon record, although possibly not effectual without more as a delivery and acceptance between adults, is deemed to evince an unmistakable intention on the part of the grantor to give the deed effect, and pass the title to the grantee, the assent of the latter, if nothing further appears, being presumed from the beneficial character of the transaction. . . .

"The presumption is made stronger in favor of the delivery of deeds in cases of voluntary settlements than in ordinary cases of bargain and sale. . . . ."

The intention of the parties is an essential element in the determination of the question of the delivery of a deed, but this intention may be determined from the grantor's words and acts and from the circumstances preceding, attending, and subsequent to the execution of the instrument. *Stokes* v. *Anderson* (1889), 118 Ind. 533, 545, 21 N. E. 331, 4 L. R. A. 313; *Emmons* v. *Harding* (1904), 162 Ind. 154, 163, 70 N. E. 142, 1 Ann. Cas. 864.

Reservation of a life estate in the grantors raises a strong presumption that it was intended that the title should immediately vest in the remaindermen. *McColley* v. *Binkley* (1919), 69 Ind. App. 352, 121 N. E. 847; *Gwinn* v. *Hobbs* (1925), 83 Ind. App. 263, 287, 144 N. E. 648, 26 C. J. S., Deeds § 183, p. 592.

In the case of *Wainwright Trust Co., Admr.* v. *Stern* (1920), 72 Ind. App. 116, 117, 125 N. E. 578, Judge Remy of this court, in discussing evidence of delivery of a deed, says:

"The only controverted fact at the trial was as to the delivery of said deed, it being the contention of appellee Bell that there had been no delivery

of the instrument. The fact that the deed had been duly recorded in the recorder's office after it had been signed and acknowledged by the grantors named therein constituted a *prima facie* delivery and acceptance by the grantees."

There was no direct oral testimony concerning the delivery or acceptance of the deeds in question. The evidence, bearing upon the subject, consisted of the stipulation of the parties concerning the ownership of the real estate by the mother of appellee, and her death and the inheritance from her, by the decedent and the appellee; the record in the recorder's office showing the contents and the recording of such deeds; oral testimony showing that the father continued to occupy the real estate in question after the signing and recording of such deeds, and that he was occupying the same at the time of his death, and that he made a statement three or four months prior to his death to the effect that he owned a life estate in the real estate, and that he did not want his son to know that he was seeking a loan upon the security thereof.

In weighing such evidence the trial court was entitled to consider the fact that there was no evidence that tended to negative delivery, and that all the acts of the parties during the period of more than nine years between the recording of the deeds and the death of the father were acts that were consistent with title under and by virtue of the deeds. The appellant, in his petition to sell the real estate, alleged that the decedent was the owner in fee simple thereof. Since the decedent obtained only a one-third interest therein by inheritance from his former wife, and no other source of title to the remaining two-thirds, except title arising from the execution of the particular deeds, has been suggested, it is evident that such appellant, in the pleading and trial of its action, in the court below, took the posi-

tion that the deeds had been delivered. There it was contesting, only, the order of delivery, and was claiming title in fee simple in the decedent because the deeds from the son to him appeared of record after the deeds from him to his son.

Generally speaking, a party on review may not change the theory upon which the case was tried below nor take a position inconsistent with that he maintained in the trial court. 5 C. J. S., Appeal & Error, § 1503, p. 175; *Crabb* v. *Orth* (1892), 133 Ind. 11, 12, 32 N. E. 711; *Studabaker* v. *Faylor* (1908), 170 Ind. 498, 506, 83 N. E. 747, 127 Am. St. Rep. 397; *City of Union City* v. *Fisher* (1930), 91 Ind. App. 672, 173 N. E. 330.

We believe the evidence was sufficient to permit the trial court to make a finding of execution of the deeds, but if any doubt concerning the sufficiency thereof exists, the appellants have waived the question by assuming the position, in the court below, that the deeds were delivered, but that the decedent was the owner in fee simple of the real estate because the deeds from the son to the father were recorded subsequent to the deeds from the father to the son.

The appellants also question the sufficiency of the evidence to sustain the ninth paragraph of the special finding. In this paragraph the trial court construes the deeds and the stipulation of the parties and determines therefrom, as a fact, the purpose of the parties in executing the same. There was sufficient evidence to sustain the facts therein found.

The appellant, Union State Bank, claims that by its mortgage it became a subsequent innocent purchaser for value; that it was entitled to rely upon the record in the recorder's office in ascertaining the title of its mortgagor, and that such record dis-

closed title, in fee simple, in the father, because the quitclaim deeds from the son to the father were recorded after the warranty deeds, reserving the life estate, from the father to the son. Such appellant's mortgage was executed to secure a preexisting indebtedness. A preexisting debt is a valid consideration for a mortgage, but it is not such a consideration as will constitute the mortgagee a *bona fide* purchaser so as to cut off prior equities. *Citizens' National Bank of Attica* v. *Judy* (1896), 146 Ind. 322, 330, 43 N. E. 259; *Adams* v. *Vanderbeck* (1897), 148 Ind. 92, 95, 45 N. E. 645, 47 N. E. 24, 62 Am. St. Rep. 497.

The fact that the apparent legal title is in a grantor of real estate does not entitle a purchaser from him for value and without notice to protection as against the owner of the paramount legal title. 27 R. C. L., Vendor and Purchaser, § 435, p. 672; *Henry* v. *Carson* (1884), 96 Ind. 412. The effect of a record as notice is not to be extended beyond the terms of the statute. The statute (§ 56-119, Burns' 1933), defining the effect of the recording of conveyances, mortgages, and leases for more than three years, provides that every such conveyance, mortgage, or lease shall take priority according to the time of the filing thereof in the office of the recorder. The deed to appellee was filed for record many years prior to the filing of the mortgage of appellant bank. The four deeds executed on January 6, 1931, were all filed for record on the same day and at the same hour, and under the statute no priority exists between them.

It is the well settled general rule, in determining whether a purchaser had notice of outstanding equities so as to preclude him from being entitled to protection as a *bona fide* purchaser, that if there be circumstances which, in the exercise of common

reason and prudence, ought to put a man upon particular inquiry, he will be presumed to have made that inquiry, and will be charged with notice of every fact which that inquiry would give him. 27 R. C. L., Vendor and Purchaser, § 475, p. 710.

The appellant bank was charged with notice of what appeared in the deeds of its mortgagor's chain of title, and if the facts disclosed thereby were sufficient to put it on inquiry, it was charged with notice of what a proper inquiry would disclose. An examination of the chain of title of the decedent would have disclosed title in his former wife, and the conveyances of January 6, 1931, between the father and his son. This would have disclosed that the father could not have made a warranty deed of the remainder in all of the real estate until he first obtained from his son title to the son's two-thirds interest in such remainder. This would have disclosed also that it was the intention of the parties that the deeds from the father to the son follow and take effect after the deeds from the son to the father.

Where two or more deeds are made simultaneously and are so connected that they may be regarded as a single transaction, they will be held to take effect in such order as will carry out the intention and secure the rights of the respective parties. 26 C. J. S., § 94, p. 348, and cases there cited.

The trial court properly determined that the mortgage held by the appellant bank was not a lien upon the real estate described therein that was prior to the title and interest of the appellee therein.

The judgment of the trial court is affirmed.

NOTE.—Reported in 44 N. E. (2d) 310.