Vivian C. McCOY

v.

**Harry E. RICHARDS, Florence A. Richards, Ashland Oil, Inc.**

**No. EV 82–48–C.**

United States District Court,
S.D. Indiana,
Evansville Division.

Nov. 23, 1983.

K. Richard Hawley, Mount Vernon, Ind., for plaintiff.

Doran E. Perdue, Evansville, Ind., for defendants.

## MEMORANDUM ORDER

BROOKS, District Judge.

This matter comes before the Court upon plaintiff's Motion For Partial Summary Judgment and upon the defendant's Motion for Summary Judgment. Both parties have filed briefs in support of their respective motions, and due to the nature of the issues presented in each motion, the Court will consider them together in this order.

This action was brought to quiet title to certain real estate located in Posey County, Indiana, and calls for an interpretation of the Indiana Dormant Mineral Interests Act (Indiana Code 32–5–11–1 *et seq.*) which was enacted in 1971. The facts giving rise to this suit are not in dispute and may be summarized as follows.

On August 14, 1942 Harry Richard, one of the defendants herein, sold to Vivian McCoy (plaintiff herein) and Oscar McCoy (now deceased) the property which is the subject matter of this suit. At the time of the conveyance to the McCoys, Richards reserved a one-half (½) interest in the mineral rights to himself. In 1971 the Indiana General Assembly enacted the Dormant Mineral Interests Act, Indiana Code 32–5–11–1 *et seq.* which provides in pertinent part that:

Any interest in coal, oil, gas and other minerals, shall, if unused for a period of 20 years, be extinguished unless a statement of claim is filed in accordance with section five [32–5–11–5] hereof, and the ownership shall revert to the then owner of the interest out of which it was carved. I.C. 32–5–11–1

Section 4 of the Act (Indiana Code 32–5–11–4) provided for a two year grace period from the effective date of the Act for the filing of a statement of claim which would preserve an outstanding mineral interest. Section 3 (Indiana Code 32–5–11–3) defined what activities were deemed to be "uses" for purposes of the statute. On July 23, 1973 Harry Richards sold his one-half (½) interest in the coal only to Ohio Valley Coal Company, Inc. The deed conveying the coal to Ohio Valley was recorded in the Deed Book located in the office of the Recorder of Posey County, Indiana. On September 7, 1973 the two year grace period for filing of a statement of claim provided for in Indiana Code 2–5–11–4 expired. Plaintiff brought this suit in 1982 seeking to quiet title to the real estate. Both parties moved for summary judgment on the narrow issue of whether the conveyance of Richards' interest in the coal only to Ohio Valley has a sufficient "use" under the Indiana statute so as to preserve to him his interest in all other minerals, and whether the deed conveying the coal was sufficient to constitute a filing of a statement of claim.

Plaintiff argues that the conveyance of defendant's interest in the coal was not a "use" of his mineral interest as is contemplated by the statute, nor could the deed of conveyance be deemed sufficient to comply with the statutory statement of claim provision. In addition, even if the conveyance could be considered a "use", because of the complete divisibility of mineral interests contemplated by the statute, such "use" by the defendant of his interest in the coal would not prevent the lapse of his interest in the other minerals. Defendants counter these arguments by contending (1) that the conveyance of the coal interest and the receipt of monies in payment therefor is

sufficient to bring the Richards under the "payment of a rental or royalty" language of Indiana Code § 32–5–11–3; (2) that Ohio Valley paid taxes on the coal which it acquired, that there are no taxes assessed on undeveloped oil and gas, thus, Richards has done everything in the way of a use that the statute requires; (3) that "use" of the coal preserves the defendants' interest in all of the other minerals; (4) that the coal which underlies the property in question is part of a common vein from which production has been had; and (5) that the recording of the deed of conveyance either literally complies with the filing of a statement of claim requirement or is sufficient to be deemed substantial compliance with the statute.

At the outset it should be noted that there is a sparcity of law interpreting any provision of Indiana's Dormant Mineral Interest Act. In fact, it appears that the only case which directly addresses the Act is the case of *Short v. Texaco, et al*, 406 N.E.2d 625 (Ind.1980), Aff'd 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982). In *Short*, an action was brought attacking the constitutionality of the Act. The trial court entered a judgment declaring the Act unconstitutional, however upon appeal the Indiana Supreme Court reversed holding that the termination of interests under the Act was not contrary to due process, equal protection, or the guarantee of just compensation. The Supreme Court subsequently affirmed the Indiana Supreme Court in a 5–4 decision. None of the courts addressing the case however had occasion to interpret the meaning of the word "use" as defined by the Act nor was any consideration given to the requirements of the statement of claim provision.

■ Indiana Code Section 32–5–11–3 defines what constitutes a "use" of a mineral interest for purposes of the Dormant Mineral Interest Act. The section provides in pertinent part that:

A mineral interest shall be deemed to be used when there are any minerals produced thereunder or when operations are

being conducted thereon for injection, withdrawal, storage or disposal of water, gas or other fluid substances, or when rentals or royalties are being paid by the owner thereof for the purpose of delaying or enjoying the use or exercise of such rights or when any such use is being carried out on any tract with which such mineral interest may be unitized or pooled for production purposes, or when, in the case of coal or other solid minerals, there is production from a common vein or seam by the owners of such mineral interests, or when taxes are paid on such mineral interest by the owner thereof.

A close examination of the above statute will show that there are basically three distinct categories of use which are sufficient to preclude extinction of the interest; (1) actual or attempted production of minerals; (2) payment of rents or royalties; and (3) payment of taxes. *See Short, supra,* 406 N.E.2d 625, 627 and 454 U.S. 516, 519, 102 S.Ct. 781, 786, 70 L.Ed.2d 738.

■ Defendants contend that the conveyance of the interest in the coal and the subsequent receipt of money in return for that interest is sufficient to establish a "use" under the language dealing with the payment of rents or royalties. However, the payment of rents or royalties is to be made by the *owner* of the mineral interest for the purpose of delaying the enjoyment or use of such interest. By no stretch of the imagination can it be said that Ohio Valley's payment of the purchase price to Richards for his interest in the coal was a use of that interest by Richards. Arguably, the single payment by the then owner of the interest, Ohio Valley, was a "use" of their interest. However, the most that can be said for the conveyance of Richards' mineral interest in the coal was that the deed created a new mineral interest pursuant to Indiana Code 32-5-11-2. At no point in the statute defining what is a "use" is there any language which would indicate that the sale or lease of an interest in minerals to another is sufficient to establish a "use" on the part of the seller, or lessor. And the Court is of the opinion that a fair reading of the statutory provisions together can lead to no contrary conclusion.

Defendants' argument that the payment of the taxes constituted a "use" by Richards is also of no avail. The statute clearly spells out that in the case of coal or other solid minerals payment of the taxes thereon by the *owner* of the mineral interest will be a "use". However, the use runs in favor of the mineral interest owner and not one who has parted with such interest. In the case *sub judice* there is no evidence that Richards paid any tax on any part of his interest either prior to or after the conveyance to Ohio Valley. If, Ohio Valley did in fact pay taxes on their mineral interest in the coal after the conveyance such would certainly be a "use" of the interest by Ohio Valley, but their "use" cannot inure to Richards.

Defendants also set forth the fact that the coal which underlies the property in question is part of a common vein from which production had begun. While it may be true that the coal which was the subject of the conveyance is part of a common vein, defendants overlook the other requirements in the statute. In order for there to be a "use" under this provision not only must there be a common vein or seam which encompasses the mineral interest, but there must be production from that common vein by the *owners* of such interests. Again this provision might be of benefit to Ohio Valley if they were producing coal from a common vein or seam which included the coal which had been deeded to them by Richards. But, it can hardly be said that Richards was producing any minerals from a common vein, especially in light of the fact that he no longer owned the interest which would be included within the common vein or seam.

Richards' fourth argument supporting a conclusion that there was in fact a "use" of his mineral interest involves somewhat the issue of divisibility of mineral interests. Or to put it another way, if a mineral interest is subdivided (as is the case herein)

into two or more mineral interests may each interest lapse, or not, independently of the other? Although there are no cases which directly address the question, it would appear that an answer is readily discernable. The Mineral Lapse Act was drafted by Professor Ronald Polston of the Indiana University School of Law at Indianapolis. The purpose of the Act was to eliminate title problems stemming from mineral conveyances executed in years gone by. *See, Legislation Existing and Proposed, Concerning Marketability of Mineral Titles,* 7 Land & Water L Rev. 73 (1972). In his article Professor Polston indicates that the Indiana Act resolved the issue of divisibility in favor of complete divisibility of interests. Thus, when a mineral interest has been subdivided into two or more mineral interests, any part interest may lapse independently of any other interest which may exist. In the case herein, defendant Richards subdivided his one-half (½) mineral interest into two-distinctly separate parts when he conveyed the coal to Ohio Valley. At that point Richards retained a mineral interest in all other minerals *except* coal, while Ohio Valley had a mineral interest in the coal only. Defendants argue from these facts that a "use" of the mineral interest in coal is sufficient to preserve their interest in all other minerals, presumably based upon the language of Indiana Code 32–5–11–3 which says that ... "A mineral interest shall be deemed to be used when there are *any* materials produced thereunder...." (emphasis added). The Court however, cannot agree with defendants' interpretation. To do so, would allow the "use" by the owner of a distinctly separate mineral interest to inure to the benefit of the owner of another related but separate interest. If Richards had maintained ownership of his entire one-half (½) mineral interest, and made "use" of any of the minerals covered thereby, then the language of Indiana Code 32–5–11–3 would be applicable to him. However, such is not the case, and based upon the Court's finding that Richards did not "use" his mineral interest pursuant to Indiana Code 37–5–11–3, and bearing in mind the concept of divisi-

bility of interests, it can not be said that Ohio Valley's "use" of their partial mineral interest is sufficient to preserve Richards' interest in the remaining minerals.

■ In light of the Court's determination that Richards did not "use" his mineral interest as defined in Indiana Code 32–5–11–3, the Court is left only with the question of whether the recording of the deed of conveyance to Ohio Valley was sufficient to either literally or substantially comply with the statement of claim provisions of Indiana Code 32–5–11–4 and 32–5–11–7. Indiana Code Section 32–5–11–4 provides in pertinent part that:

> The statement of claim ... shall be filed by the owner of the mineral interest ... with two (2) years after the effective date [September 2, 1971] of this act ... and shall contain the name and address of the owner of such interest, and description of the land.... Such statement of claim shall be filed in the office of the recorder of deeds in the county in which such land is located. Upon filing of the statement of claim ... it shall be deemed that such mineral interest was being used....

Section 32–5–11–7 provides that such statement of claim shall be recorded in the Dormant Mineral Interest Record book. Defendants contend that since the deed to Ohio Valley Coal was duly recorded in the deed book, and included all the information required by the statement of claim that he has literally complied with the statute notwithstanding the fact that the document actually recorded was a "Warranty Deed" and that it was not recorded in the Dormant Mineral Interest Record. Alternatively, defendants argue that if the warranty deed is not literal compliance with the statute, then it should be deemed to be substantial compliance with the statute since the effect of the warranty deed would be the same as filing a statement of claim.

The obvious purpose of the recordation provision of the Dormant Mineral Interest Act is to provide a method by which interested persons can readily determine whether or not a mineral interest has been

claimed or has lapsed. And in the absence of actual production or other "use", or a statement of claim, there may be no practical method available to determine whether an interest is in fact claimed. However, just what constitutes a sufficient statement of claim is unclear, since there is no law which addresses the issue. An analogy may be found however, by looking to the recordation requirements of other statutes.

■ Indiana Code Section 32–1–2–16 requires recording of every conveyance or mortgage of lands or of any interest therein, and of every lease for a period of more than three (3) years. The purpose of the statute is to give constructive notice to all persons of the interest claimed in the property by reason of such conveyance, mortgage, or lease. Deeds are required to be recorded in the deed record book and recording a deed in any other record cannot serve as notice of the deed or its contents. *Sinclair v. Gunzenhauser*, 179 Ind. 78, 98 N.E. 37 (1912) Reh. overruled 179 Ind. 78, 100 N.E. 376 (1913). And it has been held that the effect to be given the recordation as notice to others is not to be extended beyond the terms of the statute, *Sodders v. Jackson*, 112 Ind.App. 179, 44 N.E.2d 310 (1942).

■ In the case at bar, defendant asks the Court to find that the recording of a deed of conveyance made in compliance with Indiana Code 32–1–2–16 is sufficient to act as the statement of claim required by Indiana Code 32–5–11–4, and 32–5–11–7. This the Court is not willing to do. The Court is of the opinion that the purpose of the recordation requirements of each statute are sufficiently analogous so as to apply the above cited cases to the factual situation involved herein. If the recording of a warranty deed in the deed record book was found sufficient to satisfy the statement of claim provisions of the Dormant Mineral Interest Act the Court would be extending the effect to be given recordation in violation of the holding in *Sodders, supra*. Similarly, assuming that a statement of claim and not a warranty deed had been filed, but filed in the wrong place,

such would not serve to satisfy the requirements of Indiana Code 32–5–11–7 or *Sinclair, supra*. Had the Indiana Legislature chosen to do so, they could have included a provision for preservation of a mineral interest by the recording of a deed of conveyance. In the absence of such language however, the Court is loath to graft such a provision onto the statute.

In view of the foregoing, the Court finds that the conveyance of Richards' interest to Ohio Valley Coal was insufficient to constitute a "use" under the language of the statute. Nor was the filing of the Warranty Deed reflecting the above conveyance sufficient to either literally or substantially comply with the recordation requirements of the Act. Therefore, Plaintiff's Motion For Partial Summary Judgment on the issue of whether the sale of the coal to Ohio Valley was a "use" sufficient to prevent a lapse of the mineral interest is hereby GRANTED and Defendants' Motion for Summary Judgment on the above issue is DENIED. Likewise, defendants' Motion for Summary Judgment on the issue of whether the filing of the Warranty Deed constituted, either literally or substantially, compliance with the statement of claim provisions is also DENIED.

IT IS SO ORDERED.