No. 10,846.

NICHOLS v. THE STATE.

CRIMINAL LAW.—*Public Highway.*—*Information for Obstructing.*—*Description.*—An information for obstructing "A certain public highway, situated on the half section line running north and south through the center of section 11, township 33, range 9, Lake county, Indiana," sufficiently describes the way, and shows it to be a public highway.

SAME.—*Evidence.*—*Township Trustee.*—In a trial upon an information for obstructing a public highway, evidence that the township trustee told the defendant that he had a right to fence up the way is inadmissible.

SAME.—*Intent.*—The intent with which a defendant, prosecuted criminally therefor, has obstructed a public highway, is not material.

SAME.—*User.*—*Prescription.*—A way used by the public, and recognized by the proper officers, for more than twenty years, as a public highway, is, though it be short and terminate on private property, a public highway.

From the Lake Circuit Court.

*T. S. Fancher* and *J. W. Youche,* for appellant.

*F. T. Hord,* Attorney General, and *J. B. Peterson,* Prosecuting Attorney, for the State.

ELLIOTT, J.—The information charges appellant with obstructing a public highway, and thus describes it: "A certain public highway, located and situated on the half section line running north and south, through the center of section 11, township 33, range 9, Lake county, Indiana."

We deem the description sufficient. It is not necessary for the prosecutor to state the facts which constitute the way a public one; the requirements of the law are complied with by the averment that the way obstructed is a public highway. The term "public highway" has a fixed and well known signification, and no useful purpose would be subserved by requiring the specific facts which give the way its public character to be pleaded. 2 Bishop Crim. L., sec. 1266. Our cases recognize the sufficiency of such a pleading as that before us.

In describing the location of the highway, it is sufficient to give such a description as will identify the way charged to have been obstructed and distinguish it from other high-

ways of the county. No greater particularity of description is necessary. *State* v. *Stewart,* 66 Ind. 555. The pleading under discussion conforms to this rule.

It was not error to refuse to permit appellant to prove that the township trustee told him that he had a right to fence up the way. Where, as here, it is shown by uncontradicted evidence that a way had been used as a public one for more than twenty years, and had been recognized as such by public officers, the township trustee can not license its obstruction, nor can any statement of his protect one who obstructs it. The trustee can not change the character of such a way, nor can his decision that it is not a way, because not regularly laid out, absolve one who obstructs it from liability.

Where one purposely places an obstruction across a public way in violation of the express provisions of a statute, the question of intent is not a material one. In cases of the class to which the present belongs the specific intent with which the act is done has no controlling influence. 1 Bishop Crim. L., sec. 1075. Any other rule would render it impossible to convict of many statutory offences, because in many of them, as for instance selling liquor without license, erecting and maintaining nuisances, it would be impossible to prove more than that an act had been done which the law prohibited. Of course, where intent is an ingredient of the offence it must be proved, whether the offence be purely statutory or otherwise.

A road used by the public for more than twenty years, and recognized by the road officers as a highway, is a public highway, although it may not be of great length and may terminate on private property. The character of the way is not to be determined by its length nor from the place where it terminates. *Sheaff* v. *People, ex rel.,* 87 Ill. 189 ; S. C., 29 Am. Rep. 49, *vide* note 51 ; *People, ex rel.,* v. *Kingman,* 24 N. Y. 559 ; *Bartlett* v. *City of Bangor,* 67 Maine, 460.

Judgment affirmed.