KENNER ET AL. v. WHITELOCK, RECEIVER, ET AL.

[No. 18,465.    Filed Mar. 14, 1899    Rehearing denied June 14, 1899.]

PLEADING.—*Questioned First Time on Appeal.—Building and Loan Association.*—A defect in a complaint in an action to foreclose a mortgage in favor of a building and loan association on account of the failure to file a copy of the constitution and by-laws therewith is cured by a finding and judgment for plaintiff, and cannot be presented for the first time on appeal. *p. 636.*

BUILDING AND LOAN ASSOCIATIONS.—*Items Charged Borrowing Members.*—A building and loan association is only authorized by law to charge its borrowing members with dues, assessments, and fines, and premium and interest on loans, and cannot charge interest on dues, assessments, and fines. *p. 636, 637.*

ATTORNEY AND CLIENT.—*Attorney's Fees.*—Where attorney is employed to collect a note containing an agreement for the payment of attorney's fees, the fees when recovered belong to the client, and the client must pay the attorney whatever fees have been agreed upon between them, or in the absence of an agreement such fees as are just and reasonable. *p. 637.*

CORPORATIONS.—*Officers.—Services Outside Official Duties.—Compensation.*—The claim of an officer of a corporation for services rendered by him beyond the scope of his official duty may be allowed, where no element of fraud or dishonesty is involved. *pp. 637, 638.*

From the Huntington Circuit Court.    *Reversed.*

*J. Q. Cline* and *U. S. Lesh,* for appellants.

*Whitelock & Cook, France & Dungan, Spencer & Branyan* and *J. M. Hatfield,* for appellees.

DOWLING, J.—Action to foreclose a mortgage executed by appellants to the Citizens Building, Loan & Savings Association.    The debt intended to be secured was evidenced by the note of the appellant, James B. Kenner, and its consideration was a loan made to him by the association.    Issues were formed upon the pleadings (including a set-off and counterclaim filed by appellant, James B. Kenner); there was a trial by the court, and a finding for the appellee, Whitelock,

receiver, etc.    A motion for a new trial was made by appellants and overruled, to which decision appellants severally excepted.    Judgment upon the finding.

The errors assigned call in question the sufficiency of the complaint, and the decision of the court upon the motion for a new trial.

No objection to the complaint was taken by demurrer, and the only defect now pointed out is the failure to file with that pleading certain exhibits, consisting of the constitution and by-laws of the association.    This objection comes too late.    The defect in the pleading on account of the failure to file the exhibits was cured by the finding, and it cannot be presented for the first time on an assignment of error.    *Purdue* v. *Stevenson,* 54 Ind. 161; *Eigenmann* v. *Backof,* 56 Ind. 594; *Scott* v. *Zartman,* 61 Ind. 328; *Galvin* v. *Woollen,* 66 Ind. 464; *Owen Tp.* v. *Hay,* 107 Ind. 351; Elliott's App. Proc. section 473, note 2.

Among the reasons for a new trial it is alleged that there was error in the assessment of the amount of the recovery, in that the assessment was too large.    It is evident from an examination of the record that such error existed.    In the computation of the amount of the finding, James B. Kenner, the maker of the note and the holder of the stock, is charged with these items:    *Interest* on *weekly dues* to Nov. 12, 1891, $149.60; *Interest* on *dues* amounting to $805 from Nov. 12, 1891, to date of finding, Dec. 14, 1895, $193.20; *Interest* on *fines* amounting to $322 for 161 weeks to Nov. 12, 1891, $59.81; *Interest* on *fines* from Nov. 12, 1891, to date of finding, Dec. 14, 1895, $78.89.

The statute under which the association was organized authorized it to charge its borrowing members with premiums on loans, interest on loans, and with dues, assessments, and fines.    We find, however, no authority in the act to charge interest on dues, interest on assessments, or interest on fines. Upon failure to pay any installment of interest on the loan,

or installment of dues, or any assessment lawfully made, fines may be imposed; beyond this, the association had no right to go.

It appears, also, that the court refused to allow the appellant, Kenner, credit for professional services as the attorney of the association in prosecuting actions and recovering judgments for it on certain notes which contained an agreement for the payment of attorney's fees. The reason for such refusal was that the fees so provided for in the notes, in the opinion of the court, belonged to the attorney, and not to his client, and that the attorney must look to the judgment defendants for them. This view of the contract for the payment of such fees cannot be sustained. The fees when recovered belonged to the client. The client must pay his attorney whatever fees have been agreed upon between them, or in the absence of such agreement, such as are just and reasonable, and he is supposed to be reimbursed for this outlay by the repayment to him by the judgment defendant of the amount allowed for that purpose.

In the next place it is objected that the court excluded from the credits claimed by appellant any allowance for general services as the attorney and legal adviser of the association, and for office rent, fuel, lights, etc., furnished by him. This action of the court is defended by counsel for appellees on the ground that, as the appellant was the president and a director of the association, he could not lawfully receive compensation for such services, rent, etc. This view is not in accordance with the later authorities on this subject. When the claim of an officer of a corporation is for services rendered by him beyond the scope of his official duty, and no element of fraud or dishonesty is involved, it may be allowed and paid. While the courts will closely scrutinize such claims, they will not deprive an honest and meritorious creditor of moneys justly due to him, merely because he sustained an official relation to the corporation debtor when the services were performed, or the debt was contracted. The services

for which compensation was claimed by appellant were not such as he was required to perform either as president or director. They were outside of his official duty, and he had a right to make a just and reasonable charge for them. 1 Beach on Priv. Corp., section 208.

For the reasons herein given, the motion for a new trial should have been sustained, and for the error of the court in overruling the motion, the judgment is reversed.