GUARD *v.* CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY.

[No. 13,965. Filed April 24, 1930. Rehearing denied July 2, 1930.]

*Charles A. Lowe* and *Robert E. Kestner,* for appellant.
*Frank Littleton, Forrest Chenoweth, Estal Bielby, Harry
N. Quigley* and *Samuel W. Baxter,* for appellee.

REMY, C. J.—Action to recover the value of a cow alleged to have been killed by appellant's locomotive and train; complaint in three paragraphs; the first is based upon alleged failure of appellee to maintain a fence and cattle-guard; second paragraph is drawn upon the theory of last chance; the third charges the wilful and intentional killing of the cow. The cause having been put at issue by denial, a trial resulted in a verdict and judgment for appellee.

It appears from the evidence that the cow escaped from appellant's premises and wandered upon a little-used roadway which led from a public highway known as State Highway 50, across appellee's railroad tracks, to a cemetery; that, at the crossing of the railroad and the roadway, the cow left the roadway and strayed to the point on the railroad right of way, about 1,000 feet from the crossing, where she was struck and killed by appellee's locomotive. The entrance by the cow upon appellee's right of way was made possible because there was no cattle-guard at the crossing.

The act of 1885 (Acts 1885 p. 224, §13116 Burns 1926) makes it the duty of a railroad company, where it operates a railway through improved and inclosed lands, as was the fact in the case at bar, to fence its road, and maintain cattle-guards at all public highway crossings. The statute does not require a railroad company to maintain cattle-guards where the crossing of the railroad is over a private roadway.

Because of this statute, the question as to the character of the road leading to the cemetery, as to which the evidence was conflicting, became an important question at the trial. The issue as to whether the road leading to the cemetery was public or private was, by the court, submitted to the jury; and appellant tendered two instructions numbered by him as instructions Nos. 3 and 4. These instructions were, in substance, that if the jury found from the evidence that the road, prior to the date the cow was killed, had been "used by all members of the public who desired to go that way, and who had occasion to use the roadway," then such use of the road "continuously for a period of twenty years or more would make it in a law a public highway."

It is contended by appellee that the court correctly refused to give these instructions, for the reason that, as drawn, certain elements, essential in the establishment of a public highway by prescription, are omitted. The contention is without merit. The courts of appeal of this state have each held that if a road has been in use as a highway continuously for a period of 20 years, its status as a public way is fixed, irrespective of the other methods of creating public highways. *Pittser* v. *McCreery* (1909), 172 Ind. 663, 88 N. E. 303; *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1898), 150 Ind. 536, 50 N. E. 741; *Stewart* v. *Swartz* (1914), 57 Ind. App. 249, 106 N. E. 719. The

tendered instructions conform to the opinions in the authorities cited. It follows that the refusal to give the instructions was error.

The record shows that there were errors in the giving of certain other instructions, and in the admission of evidence; but the errors are of such a character that they are not likely to recur on a retrial, and need not be considered.

There was no evidence to support the second and third paragraphs of complaint. The trial would have been simplified if there had been a dismissal as to those paragraphs.

Judgment reversed, with instructions to grant a new trial.

Nichols, J., not participating.