COZY HOME REALTY COMPANY *v.* RALSTON, RECEIVER, ET AL.

[No. 27,048. Filed May 17, 1938.]

*Albert M. Buster,* and *Harry S. Medlock,* for appellant.

*H. Nathan Swaim,* and *Charles W. Richards,* for appellees.

SHAKE, J.—Appellant began this action by a complaint in two paragraphs, the first for possession and the second to quiet title to a parcel of real estate in Marion County, Ind. There were originally several defendants but the case was dismissed or defaults entered as to all of them except Ralston, Receiver, who will be referred to in this opinion as the appellee. The land in controversy is a strip 18 ft. in width and approximately 600 ft. in length, located in an unincorporated section west of the city of Indianapolis. It would be in Victor Street if that street were extended north to its full width of 50 ft. from Minnesota Street to Washington Street, or the National Road. Appellant claims title to the land in controversy

by virtue of a deed thereto dated June 29, 1923, while appellee relies on a tax title dated February 14, 1928. A parallel strip 25 ft. in width on the west side of this tract was platted as a part of Victor Street on April 18, 1924, and a like strip 7 ft. in width on the east side was dedicated to the public use as a street on November 2, 1927.

Appellee filed an answer in general denial to the complaint and the court found for him. There was a motion for a new trial and the sufficiency of the evidence to sustain the judgment is the only question presented.

It will not be necessary for us to determine which of the parties holds the paramount record title, for the reason that the case was tried below upon the theory that it was appellee's contention that the land in question had become a public highway by prescription.

Section 36-1807 Burns' Ann. St. 1933, §8770 Baldwin's Ind. St. 1934, provides that "all highways . . . used as such for twenty (20) years or more, shall continue as located and as of their original width . . . ." This statute creates a method of establishing public highways independent of common law dedication or strict prescription. *Pittsburgh, etc., Railway Co.* v. *Town of Crown Point* (1898), 150 Ind. 536, 50 N. E. 741. Use is the sole test, though frequency of use or the number of users is unimportant. It is enough if it is free and common to all who have occasion to use it as a public highway. *Pitser* v. *McCreery* (1909), 172 Ind. 663, 88 N. E. 303, 89 N. E. 317.

Appellant claims that the evidence is insufficient because: (1) There is no showing that such use of the alleged highway as was made by the public was under any claim of right; and (2) that the evidence affirmatively shows that there was an interruption of the right to use it during the required twenty-year period. It is not essential that there be

positive evidence that the use of the road by the public was under a claim of right. Such continuous use for twenty years or more, unexplained, will be presumed to be under a claim of right, and therefore adverse. *Southern Indiana Ry. Co.* v. *Norman* (1905), 165 Ind. 126, 74 N. E. 896. The evidence was sufficient to show user for the required period, and that such use was under claim of right.

The circumstance upon which appellant relies to show an interruption of use during the twenty-year period is that in the year 1918 the then owner of the tract placed a sign reading, "Private Roadway," at one end of the lane. It is not shown how long the sign was maintained or that it ever deterred the use of the premises as a roadway by the public. This evidence is clearly insufficient to establish interruption of use, for the very good reason that no interruption is shown thereby. The fact that the public did continue to use the roadway after the sign was posted would support an inference that such use was under claim of right.

Appellant has pointed out certain alleged defects in appellee's tax title, but it is not necessary for us to consider these. A plaintiff in a quiet title action must recover, if at all, upon the strength of his own title and not on the weakness of that of his adversary. *Graham* v. *Lunsford* (1897), 149 Ind. 83, 48 N. E. 627.

No error is found, and the judgment is affirmed.