JONES ET AL. *v.* BERGMAN.

[No. 15,992. Filed June 28, 1938.]

*Hatfield & Hatfield,* for appellants.

*David H. Padgett* and *William D. Curll,* for appellee.

Wood, J.—The appellee recovered a judgment against the appellants for damages, for personal injuries sustained by her, as the result of a collision between an automobile operated by appellee and a truck owned and operated by the appellant Jones.

The issues consisted of a complaint in one paragraph, answered by general denial. The cause was tried to the court and a jury, which returned a verdict in favor of appellee against both appellants, on which judgment was rendered as above indicated. The appellant Jones filed a separate and several motion for a new trial which was overruled, and he alone appeals, assigning as error for reversal the overruling of his motion for a new trial. The appellant Borders does not appeal from the judgment of the trial court.

While in his motion for a new trial, the appellant Jones alleged seven causes therefor, all of which are discussed in his brief. In order to dispose of this appeal, it is not necessary that we give attention to or discuss but one of the alleged causes for a new trial, namely, number four, which is to the effect that the court erred in refusing to give to the jury instruction number thirteen tendered by the appellant Jones.

From the record it appears that on July 14, 1934, a heavily loaded truck owned by the appellant Jones and operated by two drivers in his employ, while driving north on State Highway 41, at a point about three miles south of the city of Sullivan, Indiana, got out of control and went off the pavement onto the berm on the west side thereof, the ground was soft and the truck mired, so it was impossible to get it back onto the pavement by its own power. In order to get the truck out of the

mire and onto the pavement, appellant Jones' drivers called the appellant Borders to perform this task for them. Borders drove in his wrecker automobile to the location where the Jones truck was off the pavement. When Borders arrived at the location of the Jones truck, he turned his wrecker automobile around, heading it toward the north, drove it to a point a short distance north and in front of the Jones truck, and attached a tow chain from the wrecker automobile to the truck. He then "jacked up" the left rear wheel of the Jones truck to get it out of the mire and placed a plank under it. Borders then instructed the drivers of the Jones truck to get into it and start the motor and he would get into his wrecker automobile and start the motor, and when he applied the power, thus tightening the tow chain, they should likewise apply power to the truck. This plan was followed, with the result that the Borders wrecker automobile and the Jones truck, according to the evidence most favorable to the appellee, suddenly and without any notice, and when the automobile which appellee was driving on the pavement, at a speed of about twenty-five miles per hour, was approaching from the south, moved out onto the pavement in a diagonal position, occupying the full width thereof, and stopped at a point between twenty and fifty feet north of appellee's oncoming automobile. In an effort to avoid a collision, appellee turned her automobile to the left, but the right front corner of her automobile struck the left rear corner of the Jones truck, thus inflicting the bodily injuries of which appellee complains.

The appellant Jones defended the action in the trial court upon the theory that the appellant Borders, in answering the call of the drivers of the Jones truck, in extricating it from the mire and in replacing it on the pavement, was acting in the capacity of an independent contractor and that, if there was any negligence in

accomplishing the undertaking, it was the negligence of Borders and not his (Jones') negligence, and that he was therefore not liable to respond in damages for appellee's injuries. There is some evidence in the record supporting this theory of the appellant Jones' defense.

Instruction number thirteen, which the trial court refused to give to the jury, reads as follows:

> "The difference between an independent contractor and a mere servant is to be determined from the agreement as a whole. Where the agreement provides for a result to be accomplished by the employe and leaves to the employe the means and methods by which the result is to be accomplished, then the relation is that of employer and contractor, even though some person representing the owner is to give directions as to the work to be done and is not to give or has no authority to give directions as to the manner in which it should be performed or as to the means to be used in performing it.
>
> "I instruct you that an employer is not liable for the negligence of an independent contractor, and if you find from a preponderance of the evidence that the defendant Borders was employed by the defendant Jones to accomplish a certain result, and that the means and manner of accomplishing that result was determined by the defendant Borders, then I instruct you that the defendant Borders was an independent contractor and the defendant Jones is not liable for his negligence."

Because of the character of the evidence before the jury, whether or not the relation of employer and independent contractor existed between the appellant Jones and his co-appellant Borders was a question of fact which should have been submitted to the jury for its determination under a proper instruction. There was no instruction given to the jury covering this phase of the case. In the case of *Indianapolis & Cincinnati Traction Co.* v. *Sherry* (1917), 65 Ind. App. 1, 6, 116 N. E. 594, this court said: "The rule is well settled that, where a party, in due time, tenders an

instruction which fairly states the law as applied to the issues and the evidence, and the court refuses to give the same to the jury, the refusal must be held to be reversible error, unless such instruction is covered by other instructions given, or it appears that the substantial rights of such party were not prejudiced by such failure." See also *Baltimore, etc., R. Co.* v. *Peck* (1912), 53 Ind. App. 281, 101 N. E. 674.

Appellee does not contend that the tendered instruction was not a correct statement of the law, but says the refusal of the court to give it was a harmless error, for, conceding that appellant Borders was an independent contractor, the rule absolving an employer from liability for an independent contractor's negligence does not prevail where the work contemplated is intrinsically dangerous or a nuisance. The appellee cannot avail herself of this contention, first, because it assumes as a matter of law, that the task of replacing the truck upon the pavement under the conditions and circumstances existing at the time and by the means employed was intrinsically dangerous or created a nuisance, and second, because this issue was not tendered by the pleadings, nor was the cause tried upon that theory. We think, from an examination of the entire record, that the refusal of the court to give the tendered instruction was an error prejudicial to the appellant Jones. The other errors of which he complains will probably not occur upon a retrial of this cause, so we do not extend this opinion for the purpose of discussing them. The appellant Borders does not complain of the judgment, and as to him the same is affirmed. As to the appellant Jones, the judgment is reversed with instructions to sustain his motion for a new trial and for further proceedings not inconsistent with this opinion.

Bridwell, J., not participating.