SCHAUSS *v.* ROBINSON SCHOOL TOWNSHIP OF POSEY COUNTY

[No. 16,260. Filed January 22, 1940.]

*Emra H. Ireland,* and *Winfield K. Denton,* **for appellant.**

*J. H. Blackburn,* and *William O. Wilson,* **for appellee.**

CURTIS, J.—The cause of action herein was tried upon the appellant's complaint in one paragraph which omitting formal parts is as follows:

"The plaintiff complains of the defendant and says that the plaintiff was at all times hereinafter mentioned duly licensed to teach in the public schools of the State of Indiana; that the plaintiff and the defendant executed a written contract, a copy of which is filed herewith, made a part hereof and marked Exhibit 'A'. Wherein the defendant employed the plaintiff to teach a public school in Robinson Township, Posey County, Indiana, for a term of eight (8) months, commencing on the 27th day of August, 1937; and agreed to pay the plaintiff the sum of nine hundred sixty dollars ($960.00), for the school year of eight (8) months, said sum to be paid in eight (8) equal monthly payments during said school year; that the plaintiff held herself in readiness to perform said contract, and was ever ready, willing and anxious to perform it, but was prevented from so doing by the defendant; and that the defendant refused to allow the plaintiff to

perform her said contract and refused to permit her to teach a school in said Robinson Township; that after said refusal it was impossible for the plaintiff to secure another school or to obtain other employment; and that she has been damaged thereby in the sum of nine hundred sixty dollars ($960.00)."

To this complaint there was attached as an exhibit a copy of the contract entered into between the appellant and the appellee.

The appellee filed two paragraphs of answer to the complaint, the first being a general denial. The second paragraph of answer, omitting formal parts is as follows:

"The defendant, Robinson School Township, of Posey County, Indiana, for a second paragraph of answer to plaintiff's complaint admits entering into the contract mentioned in plaintiff's complaint and says that prior to the beginning of the school term on the 27th day of August, 1937, this defendant, acting by and through its trustee, George P. Stierle, assigned to the plaintiff the school in said township located at and known as Parker Settlement School as the school to be taught by the plaintiff under said contract.

"That plaintiff refused to teach said school, so assigned to her and failed and refused to carry out the terms of her contract and this defendant was compelled, on account thereof to employ another teacher to teach said school.

"WHEREFORE this defendant demands judgment for costs."

To the second paragraph of answer the appellant filed a reply in general denial.

Upon the issues thus presented the cause was tried before the court, without the intervention of a jury resulting in a finding and judgment for the appellee that the appellant take nothing, and for costs.

The appellant seasonably filed a motion for a new trial containing the causes or ground that the decision of the court is not sustained by sufficient evidence and is contrary to law. That motion was overruled and this appeal was prayed and perfected, assigning as error that the court erred in its said ruling.

Neither the complaint including the teacher's contract attached to and made a part of it as exhibit "A" nor any of the other pleadings in the case show any attempt in the trial court to proceed upon the theory that the appellant had a teacher's tenure contract. The contract set out as said exhibit "A" upon its face shows that it was not intended as an indefinite tenure contract. The contract was upon a printed form. It contained among many other things a paragraph of approximately 22 pages in the appellant's brief with many blanks to be filled in if the contract was to be a tenure contract. All of the many blanks were left unfilled. The evidence does not show that the appellant was entitled to be classed as a tenure teacher. Her evidence is simply that "I . . . have taught in Robinson Township, Posey County, as follows: One year at the Daum School house that is now closed and three years at Parker Settlement School, and one year at Blairsville". In order to become a tenure teacher with an indefinite contract which could be terminated only in the manner prescribed by law the statute makes substantially the following provisions: to become a permanent teacher under the Teachers' Tenure Act it is necessary for the teacher to serve under contract as a teacher in the school corporation five (5) or more *successive* (our italics) years and then enter into a teacher's contract with such corporation for further service. The evidence does not show that the appellant's five years of teaching were *successive* years.

For the first time in this litigation the appellant has in this court presented the theory that the appellant is a tenure teacher. There is no basis for this contention and besides it attempts to shift in this court to a different theory than the one upon which the case was tried below. In the trial court the issues presented for determination were whether or not the appellant had the contract to teach set up in the pleadings and if she did have such contract did the appellee breach it to her damage.

The contract set out in the complaint contained the provision that the appellant was to teach in the public schools of said township in such building, room and such grade or grades as might be designated by the employer for the school year commencing on the 27th day of August, 1937. This contract was in writing as it must necessarily be under the statute. The immediate difficulty between the parties arose out of what the appellant says was an oral understanding between her and the Trustee of appellee school township whereby she was to be allowed to teach at another school than the one finally assigned to her. When she was finally assigned to the school she was to teach she refused to do so and the said Trustee himself had to open the school personally on the opening day and organize the school. He then informed the pupils that they would have a teacher on the following school day which would be the Monday following the said opening day on Friday. After the Trustee opened the school on the first day as above mentioned he then got in touch with the County School Superintendent and between the two of them they found a teacher and the Trustee then entered into a contract with such teacher who took charge of the school on Monday. On Monday morning the appellant informed the Trustee that she had changed her

mind and would take the school assigned to her, but she was then told that another teacher had been obtained for the school and that she was too late. It is to be noted that the contract between the parties did not specify any particular school which the appellant was to teach. She was to teach in any school assigned to her by the Trustee. He testified that he made the shift in her teaching place because many of the families in the school first contemplated for her to teach remonstrated in writing against her and that the shift was made in the best interests of the school. The evidence does not indicate any arbitrary or capricious act on the part of the Trustee in making the shift. It was made timely and upon due notice to the appellant.

We are not called upon in this case to decide whether or not a tenure teacher could thus refuse to teach the school assigned to her and then make the claim that her contract could only be terminated by notice and hearing. This case presents the simple question in contract as to whether or not a teacher such as the record shows the appellant to be can refuse to teach the school assigned to her and then successfully maintain an action in damages such as is attempted in this case? We think she can not.

The evidence amply sustains the decision of the trial court and such decision is not contrary to law.

Judgment affirmed.