MCHENRY ET AL. *v.* FOUTTY ET AL.

[No. 28,085. Filed May 3, 1945.]

*Paul V. Wycoff*, of Batesville, for appellants.

*Charles A. Lowe*, of Lawrenceburg, for appellees.

O'MALLEY, C. J.—The appellee, Foutty, has requested that he be permitted to amend his brief by adding another proposition with points to sustain it. This request was addressed to this Court and filed after a transfer from the Appellate Court had been granted. No attempt was made to amend while the matter was being considered by that court. Under such circumstance, we are of the opinion that this request came too late, and it is therefore denied.

The appellants filed this suit to enjoin the appellees from trespassing upon their real estate. It is alleged that the appellees claim a right to go upon and across appellants' land, and to lay out and establish a highway thereon, and that said claim is illegal and unfounded.

On the other hand, the appellees filed a cross-complaint alleging that an ancient highway ran through the lands of the appellants; that it commenced at a point on the north section line of section 33, range 1 west, township 4 north, 6 chains from the northeast corner thereof; that it had been used as a highway by the appellees and the public generally for more than 20 years and during that time was the only means of egress and ingress to their land; that it should be declared to be

a public road, and that the appellants be enjoined from obstructing, fencing or in any way interfering with its use by the general public.

The decree entered by the court denied relief to the appellants on their complaint and granted relief to the appellees on thir cross-complaint. It declared the road established and enjoined appellants from intefering with its use.

Evidence was introduced by both sides showing that the claimed road existed prior to 1882 when a petition was filed and proceedings had to change its location, which petition requested the relocation of said road "lying between the corporation line of the City of Rising Sun and the point hereinafter mentioned as the beginning of the proposed change in said highway, . . . : beginning at a stake in the center of said old Rising Sun and Versailles State road at the point where the quarter section line running east and west, through the center of said section 28, Township 4, in Range 1 west —crosses the center of said road; . . . ." (Transcript, p. 35.)

There was evidence that the commissioners proceeded to establish the new road as requested, but at no time entered an order with reference to the vacation of the old road; that the old road was ignored subsequent to the time of the filing of the petition; that the appointment of viewers was limited to the question of the utility and damages on the line of the new road. There was evidence that for more than 20 years after the filing of the petition the old road was used by families from two houses located thereon, and built with reference thereto, and that when one of the houses was torn down the people residing in the other house continued to use this road as a means of going to and from the main highway. There is also ample evidence that

other people used this road on occasion, although there were gates placed at the entrance, but only a few witnesses ever spoke of closed gates, while many other witnesses testified of use both with and without the consent of the owner, and that no attention was given to gates or other obstructions.

If the 1882 proceeding did not cause a vacation of the old road, or if it was vacated by that proceeding and subsequent thereto was used by the public generally for 20 years or more, or if the appellees had an easement in the old road for purposes of egress and ingress, the appellants could not recover on their complaint for an injunction.

In *Smith* v. *Weldon* (1881), 73 Ind. 454, 458, it is said:

> "The description of a highway embraces its beginning, course and termination. If in any of these particulars it is so uncertain that a practical surveyor cannot place it, the entire road fails · . . . ."

In *Scherer* v. *Bailey* (1904), 34 Ind. App. 172, 175, 72 N. E. 472, 473, it is said:

> "A description of the existing road is necessary to designate the proposed change."

The vacation of highways is not favored, and the rights of the public in and to a road can be divested only by some method authorized by law. There must be a full and substantial compliance with the provisions and requirements of that law to cause a vacation of an existing highway. *Kyle* v. *The Board of Commissioners of Kosciusko County* (1884), 94 Ind. 115.

In considering whether or not a road was established by user for more than 20 years, it has been said by

this Court in *Cozy Home Realty Co.* v. *Ralston, Rec.* (1938), 214 Ind. 149, 151, 14 N. E. (2d) 917, 918, that:

"Use is the sole test, though frequency of use or the number of users is unimportant. It is enough if it is free and common to all who have occasion to use it as a public highway."

Under the evidence the court could have concluded that the appellee, Foutty, had an easement in and to the old road for the purpose of going to and from his land, or it might have been of the opinion that, while ordinarily the relocation of a road presupposes the vacation or abandonment of the old road, that will not happen where it would leave persons, living thereon, without a means of egress and ingress. *Small* v. *Binford* (1908), 41 Ind. App. 440, 83 N. E. 507, 84 N. E. 19; *Gillespie* v. *Duling* (1908), 41 Ind. App. 217, 83 N. E. 728.

There is evidence from which the court could find that the road in question was an old road and that because of the lack of description of the road in the 1882 petition and the further lack of an order of vacation by the commissioners that the road was not vacated by that proceeding. *Scherer* v. *Bailey, supra; Kyle* v. *The Board of Commissioners of Kosciusko County, supra.*

Even though the lower court concluded that the old road had been vacated by the 1882 proceeding, nevertheless from the evidence it could have found that subsequent thereto a way by user had been established. The burden to prove the right to an injunction was on the appellants, and unless the evidence is such that only one conclusion could be reached from the facts proved, and that conclusion is contrary to the decision of the trial court, we must affirm the

holding of the court in refusing to enjoin defendants from the use of the old road. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905.

Here there can be no question but that the minds of reasonable men might differ and reach opposite conclusions on all the evidence pertaining to the maintenance of appellants' action. The court did not err in finding against the appellants on their complaint. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. (2d) 474.

The description of this road as set forth in the cross-complaint gives a starting point as being 6 chains west of the northeast corner of section 33 on the north section line of said section and then going straight to the point of its termination (north 45 degrees west). After the trial was concluded a surveyor was appointed to make a survey of the road. The description in the survey shows a starting point 65 feet west of the one in the cross-complaint. It describes the center line with many curves and angles for the full length of the road. This description was made a part of the decree which was rendered seven days before the surveyor reported. No one testified as to the center line of this road, except the witness Will Gibson, who did not give a starting point with reference to the northeast corner of section 33 or the southeast corner of section 28, which points should coincide, and his testimony fixed the center line of the road as being in a straight line (north 45 degrees west), while the center line as fixed in the decree is certainly not straight.

The road is declared established on a line not supported by any evidence. It is based on a survey made after the trial and there is no claim of any such survey

being placed in evidence. It is asserted by appellees that the survey was made by agreement, and for the express purpose of enabling the court to properly enter a correct decree, but the only agreement in the record is as to the taxing of the cost of the survey. Without going outside the record, that part of the court's decision is not sustained by any evidence. Since there is a complete absence of evidence to sustain the decision of the trial court on the appellees' cross-complaint, that part of the decree is not sustained by evidence. *Wilson, Admx.* v. *Rollings, supra.*

The injunction granted to the appellees is that the appellants be prohibited from setting up bars or gates and obstructing the road which is declared to be established. The court could, under the evidence, have enjoined the appellants from interfering with the use of the old highway, but not from interfering with the use of a right-of-way located on a line different from the one described in the evidence and in the cross-complaint.

The decree is affirmed as to that part that denies relief to the appellants on their complaint, but reversed as to that part granting relief to appellees on the cross-complaint, with instructions to grant a new trial thereon.

NOTE.—Reported in 60 N. E. (2d) 781.