SPINDLER, ET AL. v. TOOMEY, ET AL.

[No. 28,978. Filed April 27, 1953. Rehearing denied June 4, 1953.]

*Green, Powers & Belshaw,* and *William Belshaw* of Whiting and *Benedict R. Danko* (of counsel) of Hammond for appellants.

*George E. Hershman* and *Robert R. Gericke,* both of Crown Point, for appellees.

BOBBITT, J.—Appellants brought this action to quiet title to the use of a certain alleged private roadway running through their property, and to restrain and enjoin appellees from using said roadway and from removing barriers and signs designating it as a private road. Appellees, via cross-complaint, sought to establish

said roadway as a public road and to restrain appellants from erecting signs designating it as a private road and in any way interfering with appellees' use thereof.

Finding and judgment was for defendants (appellees).

The sole question here presented is whether the road in question has become a public highway by user under the provisions of the Acts of 1905, ch. 167, §15, p. 521, §36-1807, Burns' 1949 Replacement.

Appellants assert (1) that the road here in question does not come within the provisions of said act for the establishment of highways by user, and (2) that the action of some of the appellants, or their predecessors in interest, in erecting signs along said roadway designating it as a private road, and upon at least two occasions establishing a chain across the road, which was immediately removed by persons desiring to use the road, constituted an interruption of the right of the public to use said road sufficient to toll or avoid the operation of the statute.

In *Pitser* v. *McCreery* (1909), 172 Ind. 663, 88 N. E. 303, 89 N. E. 317, this court had before it the same question as is here before us.

At p. 669 (172 Ind) this court said:

"Has the road been used as a highway for twenty years? §7663 Burns' 1908 [§36-1807, Burns' 1949 Replacement] Acts 1905, p. 521, §15. If it has, the statute fixes its status as a highway, and it is wholly immaterial whether the use has been with the consent, or over the objection of the landowner. [Citing authorities.]"

And, further, at p. 670:

"It is a statutory highway, by twenty years' user, irrespective of all other methods of creating highways. It is a highway created by statute."

The use referred to in the statute is use as a highway. A public highway is a road which every citizen of the state has the right to use for the purpose of travel thereon. *Pitser* v. *McCreery, supra.*

If the roadway here in question is free and common to all who have occasion to use it, and it has been so used for a period of twenty years or more, it is a public highway by statute.

James M. Morrison, one of the appellants, testified, as a witness on behalf of the plaintiffs (appellants), that the first barrier or interference placed across the road was in 1927 when a woven wire fence was erected on the property lines of appellant Smith; that at the time he saw it, it had been cut and rolled back but that he had seen it "strung" across the road; and that a chain was put across the road some time in 1942 or 1943 and again in August of 1949. There is undisputed evidence in the record which shows that the chains to which the witness Morrison referred were immediately taken down by persons desiring to use the roadway and were not replaced.

This witness further testified that said roadway was heavily used during the summer months by cars and trucks of the general public, that automobiles and trucks used it regularly and that on an average of from one hundred to five hundred cars used said road on Saturdays, Sundays and other holidays "during the summer of 1949, 1950 or 1951."

Six witnesses testified on behalf of defendants-cross-complainants (appellees) that said roadway had been used by the general public continuously for a period of some twenty to fifty or sixty years. This evidence is undisputed.

It appears from the evidence that the general public has travelled the roadway here in question at its pleas-

ure in buggies, wagons, automobiles and trucks as it desired, without interference from appellants except for the temporary obstructions hereinabove mentioned, for a period of more than twenty years; and that during said time it has been open to all persons who desired to use it, and that the public continued to use said roadway as a matter of right notwithstanding the temporary barriers which were erected. Since the public continued to use the roadway these acts of obstruction were not effective to avoid the operation of the statute and such roadway became and is now a highway created by statute. *Pitser* v. *McCreery* (1909), 172 Ind. 663, 88 N. E. 303, 89 N. E. 317, *supra;* *Evans* v. *Bowman* (1915), 183 Ind. 264, 266, 108 N. E. 956; *McHenry* v. *Foutty* (1945), 223 Ind. 335, 339; 60 N. E. 2d 781, 158 A. L. R. 537; *Cozy Home Realty Co.* v. *Ralston, Rec.* (1938), 214 Ind. 149, 14 N. E. 2d 917; *Stewart* v. *Swartz* (1914), 57 Ind. App. 249, 252, 106 N. E. 719; *Guard* v. *Cleveland, etc. R. Co.* (1930), 91 Ind. App. 571, 573, 171 N. E. 209; *Michigan Cent. R. Co.* v. *City of Michigan City* (1932), 94 Ind. App. 481, 169 N. E. 873.

We find no error in the record, and the judgment of the trial court should be affirmed.

Judgment affirmed.

NOTE.—Reported in 111 N. E. 2d 715.