DISCHER, ET AL. *v.* KLAPP, ET AL., ETC.

[No. 18,461. Filed March 4, 1954. Rehearing denied April 23, 1954. Transfer denied June 16, 1954.]

564

*O'Neill & O'Neill,* of Logansport, and *Kizer & Neu,* of Plymouth, for appellants.

*Albert B. Chipman* and *Roy Sheneman,* of Plymouth, for appellees.

KENDALL, P. J.—Suit by appellants to enjoin appellees from entering upon their property with road-building machinery for purposes of constructing a highway thereon.

Appellees answered in two paragraphs. First, a denial, and second, that there existed a public highway by user on a strip of ground thirty feet wide on the section line between sections 27 and 28, township 32 north, range one east in Marshall County, Indiana; that they proposed to grade, drain and improve the highway. Appellants replied by denying the existence of a public highway over the fifteen-foot strip along the east side of appellants' lot.

Cause was tried by the court who rendered special findings of facts and conclusions of law adverse to appellants, upon which judgment was rendered.

Motion for new trial was filed; also, motion requesting the court to make additional findings of facts, both of which motions were overruled. Specifications one and three of motion for new trial stated that the findings were not sustained by sufficient evidence; two and four, that the findings were contrary to law; five, six and seven alleged errors of law occurring at the trial in the introduction of evidence.

Appellants' assignment of errors are, (1) that the court erred in overruling appellants' motion for new trial; (2) that the court erred in overruling appellants' motion for the court to make additional special findings of facts.

The evidence disclosed that in 1891 or 1892, Colonel Farrar, appellants' remote grantor, owned a part of the fractional southeast quarter of section 28, township 32 north, range one east in Marshall County, Indiana, lying south of Lake Maxinkuckee; that a Mr. McDonald owned land in the fractional southwest quarter of section 27, same range, township and county, lying south of the lake and east of Colonel Farrar's land. There was evidence that the two men met and staked off a strip of ground thirty feet wide, lying fifteen feet on each of the section line and to a point south where the strip connected with the highway running in a northerly and southerly direction; that subsequently, township road officials made some ditches, hauled fill dirt and some gravel; that the road was never used extensively for travel but in earlier days was used by buggies, horses and wagons and thereafter by some motor vehicles, but was open to whoever chose to use the course thereof.

The question presented to the court upon the issues joined is whether the strip of land, fifteen feet in width along and over the east side of appellants' lot number one in Shilling's Sub-division is or is not a public highway under the provisions of §36-1807, Burns' 1949 Replacement.

Appellants argue that the court's special findings are not supported by sufficient evidence and are contrary to law on the grounds that their plat does not show a roadway; that when they first saw it in 1944 there was no well-defined road; that in their deed there was no reference to such an easement; that the claim of title thereto discloses no roadway; that from 1944 to 1948 they made improvements and saw no one using any part thereof as a road; that after 1940 the strip was not travelled on except a few isolated cases. How-

ever, appellants admit in argument and in their brief that in the year 1893 a road was constructed over the strip in question by either the owner of the land or adjoining land owners; that it was used by the public thereafter until about 1919; that from 1919 to 1940 it was not travelled a great deal.

The successors to Mr. McDonald's land in 1928 subdivided a part of section 28 opposite the Shilling's Sub-division and placed the plat on record; that that particular plat recognized the existence of a highway in question by showing the east half of the fifteen-foot strip to be a roadway. In 1943, the former Farrar tract was owned by the State Exchange Finance Company. The portion of the real estate lying south of the lake and abutting said section line opposite the McDonald tract was sub-divided and dedicated as Shilling's Sub-division. The fifteen-foot strip in question on the east side of lot number one in Shilling's Addition was not shown to be a highway on the plat. In 1944 appellants purchased by warranty deed lot number one from the dedicators of said plat which deed did not except the strip of ground in question from the land conveyed, neither was reference made thereto. There was evidence that the west half of the strip of ground under consideration does not appear as a roadway on any of the public records of said county.

From the issues joined and the evidence submitted, it is apparent that the action was tried on the theory that the appellants owned the real estate in question and that said highway did not exist.

The record discloses that in the trial thereof appellants strongly disputed the existence of the highway over the east side of their lot because there was no reference thereto in their deed or abstract of title. Neither was there a showing on the County Surveyor's

road map and that in the absence thereof, appellants contend such roadway could not exist or have been established.

Appellants further contended before the trial court that it is the recordation of a highway by user pursuant to the proceedings before the Board of County Commissioners that creates the highway and that regardless of how long the public used the road that it would not ripen into a public highway until it was described and entered of record in the proceedings before the Board.

Appellees contended before the trial court that by the terms of the statute by which highways are created in this state that twenty years' use made of a strip of ground in question by the general public constituted it a public highway without recordation, and that with the expiration of twenty years' use, the statute intervened and declared the road to be a public highway regardless of its origin, and that it was immaterial whether there had been a dedication or not or if there had been any attempt to plat it out in the proceedings of the County Commissioners.

The statute applicable in this case as to creating a highway by user is §36-1807, Burns' 1949 Replacement, and is as follows:

"All highways heretofore laid out according to law, *or used as such for twenty (20) years or more, shall continue as located and as of their original width, respectively, until changed according to law;* (our emphasis) and hereafter no highway shall be laid out less than thirty (30) feet wide, and the order for the laying out of the same shall specify the width thereof. The board of commissioners shall have power to cause such of the roads used as highways as shall have been laid out, but not sufficiently described, and such as have been used for twenty (20) years, but not

recorded, to be ascertained, described and entered of record. Such action of the board shall be on petition filed by one (1) or more resident free-holders of the county, of which petition notice shall be given by posting in three (3) public places along the line of such road twenty (20) days before the session at which such petition shall be considered. And such board shall declare and establish the width of any such highway, which width shall not be less than thirty (30) feet; and where any such highway shall be located upon a line dividing the lands of different owners, one-half thereof shall be taken from the land of each owner."

Appellants now contend in their briefs and by argument that upon the evidence introduced it was shown conclusively that the Board of County Commissioners of Marshall County abandoned said highway by reason of non-user since 1943 or 1944. Neither abandonment nor estoppel were an issue before the court when this cause was tried, and they now seek to raise that question on appeal for the first time. The appellants contend that by the issues presented as to the ownership of lot number one and the existence of a highway that such evidence of non-user and abandonment was introduced. With this contention, we do not agree. By the pleadings filed, the trial court was confronted with the question as to whether or not a highway by user had been created across said strip of ground. Under the issues, therefore, evidence of user or non-user was for the purpose of determining whether a highway existed according to statute and the trial court found against the appellants on that issue.

It is well settled that in the trial of a case the pleadings must proceed upon a definite theory; that parties may not try the case upon one theory and then shift the theory upon appeal. *Wood* v. *Pogue, Rec.* (1937),

103 Ind. App. 577, 5 N. E. 2d 1011; *Schauss* v. *Robinson School Twp. of Posey Co.* (1940), 107 Ind. App. 386, 24 N. E. 2d 803; *Jones* v. *Bergman* (1938), 105 Ind. App. 429, 15 N. E. 2d 740.

In the case of *Kenner* v. *Whitelock, Rec.* (1899), 152 Ind. 635, 53 N. E. 232, the court held that before an alleged error can be brought before the court for review it must in general be brought to the attention of the trial court so that, if the error in fact exists, it may be corrected in that court. See also *Crabb* v. *Orth* (1892), 133 Ind. 11, 32 N. E. 711; *Moore* v. *Harland, et al.* (1886), 107 Ind. 474, 8 N. E. 272.

The appellants, therefore, having proceeded in the trial of this case upon the theory that a highway did not exist on the particular strip of ground must adhere to that theory throughout the trial and upon appeal. *Southern Indiana Gas, etc., Co.* v. *Winstead* (1931), 92 Ind. App. 329, 175 N. E. 281; *Sodders* v. *Jackson* (1942), 112 Ind. App. 179, 44 N. E. 2d 310; *Indianapolis Real Estate Board* v. *Willson* (1933), 98 Ind. App. 72, 187 N. E. 400.

We therefore hold that the question of abandonment or estoppel by non-user of the strip of ground in question is not before the court and cannot now be raised upon appeal.

In this state, use is the sole test as to whether or not a road was established by user after more than twenty years' usage and frequency of use or number of users is unimportant, it being enough if use of the road in question was free and common to all who had occasion to use it as a public highway. *McHenry* v. *Foutty* (1945), 223 Ind. 335, 60 N. E. 2d 781; *Cozy Home Realty Co.* v. *Ralston, Rec.* (1938), 214 Ind. 149, 14 N. E. 2d 917; *Nichols* v. *The State* (1883), 89 Ind. 298; *Stewart* v. *Swartz* (1914),

57 Ind. App. 249, 106 N. E. 719; *Spindler* v. *Toomey* (1953), 232 Ind. 328, 111 N. E. 2d 715.

In the case of *Spindler* v. *Toomey, supra,* the question was presented as to whether the road in question had become a public highway by user under the provisions of §38-1807, *supra,* and, in construing said statute, Judge Bobbitt said:

> "If the roadway here in question is free and common to all who have occasion to use it, and it has been so used for a period of twenty years or more, it is a public highway by statute."

There was evidence in that case that parties owning real estate had placed temporary obstructions thereon, but in view of the statute did not avail them any relief.

The words of the statute, "or used as such for twenty years or more," are positive terms and by well established authority can mean nothing less than that twenty years' use of a strip of land by the public generally makes the same a public highway. *The City of Fort Wayne* v. *Coombs, et al.* (1886), 107 Ind. 75, 7 N. E. 743.

The general rule was announced in the case of *Kyle* v. *The Board of Commissioners of Kosciusko County* (1884), 94 Ind. 115, to the effect that a road used as a public highway for twenty years vests a right in the public of which the owner of the fee cannot divest the public's interest therein.

We have carefully examined the testimony of both the appellants' and appellees' witnesses and find that there was sufficient evidence to support the court's special findings of facts, and that the special findings of the court were sustained by sufficient evidence and not contrary to law. Appellants admit in argument that there was evidence from which

the court would be warranted in finding that the highway had been established for over twenty years by user.

Appellants argue that to affirm this judgment would work a hardship on them. This may be true, but it must be remembered that the law is made for all and not for any one or special group. What might be a benefit to one might later prove to be hardships for many.

Appellants' second assignment of error presents no question as such. It was not made a separate specification in the motion for new trial; however, the matter contained therein has been considered in the specification of contrary to law. In that connection, appellants argue that the court failed to find certain facts which were undisputed, which facts show abandonment by the public of the strip of ground in question. The court properly denied appellants' motion to make additional findings which would form the basis for a legal conclusion that the highway had been abandoned by non-user. We previously pointed out that the issue of abandonment was not presented to the trial court by pleadings or evidence. The burden of showing that fact, if it be a fact, was on appellants. Elliott, Roads and Streets, 4th Edition, Vol. 2, §1173, p. 1669. No evidence was offered which remotely tended or indicated to prove abandonment or estoppel. Vacation of highways are not generally favored, and the public rights therein must be divested by some manner as provided by law. *McHenry* v. *Foutty, supra.*

Specification number five of motion for new trial questions court's ruling in admitting testimony of Oliver C. Shilling over objection. The new trial motion sets out the question, objection and states that the court overruled appellants' objection and further states that the witness was permitted to

testify concerning conversation with appellants before completing the purchase of lot in question. The rule is that where error is predicated on the admission of testimony, the motion for new trial must set out the question, objection and answer, if there was one, or at least the substance thereof. All that is contained in appellants' motion was that the witness testified concerning a conversation. No question is presented by specification number five. Flanagan, Wiltrout and Hamilton, §1812, 8A; *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 24 N. E. 2d, 912; *Flowers* v. *State* (1943), 221 Ind. 448, 48 N. E. 2d 56.

The question presented by specifications six and seven of appellants' motion for new trial not being discussed in their brief are deemed waived.

We have examined the matters contained in the appellants' assignment of error, and, finding no error, judgment of the trial court is affirmed.

Kelley, J., concurs with opinion.

## CONCURRING OPINION

KELLEY, J.—On the basis that "no evidence was offered which remotely tended or indicated to prove abandonment," I agree with the result reached in the majority opinion. Insofar, however, as the opinion holds that abandonment was not an issue before the court, I do not agree. Under the pleadings filed in the cause, the appellees asserted the existence of a highway by user over a portion of appellants' land. Appellants closed this issue by a denial of the existence of said highway over their land. Thus, the issue presented to the court, by such pleadings, was whether, at the time the appellants' action was commenced, such highway existed. If the highway had been, in fact, previously abandoned then such highway did not, in fact,

exist at the time appellants instituted their action. In other words, it seems to me that the issue of whether the highway did or did not presently exist would, of necessity, encompass the consideration of any evidence of its abandonment.

NOTE.—Reported in 117 N. E. 2d 753.