THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD
COMPANY *v.* THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY ET AL.

[No. 18,835.  Filed May 14, 1957.  Rehearing denied
June 25, 1957.  Transfer denied September 25, 1957.]

*Clay Marsteller, E. M. Smith* (of counsel), of Cleveland, Ohio, *Campbell, Livingston, Teeple, Dildine, Heaton & Haynie,* of Fort Wayne, *Spencer & Spencer,* of

Huntington, and *Harker & Irwin*, of Frankfort, for appellant.

*Shoaff, Keegan & Baird*, of Fort Wayne, *Bowers, Feightner & Palmer*, of Huntington, and *Paul J. Sauerteig* (of counsel), of Fort Wayne, for appellees.

PFAFF, J.—This appeal challenges the validity of a decree of the Huntington Circuit Court whereby the appellant is "perpetually enjoined and restrained from maintaining any and all barricades across the southern boundary of Hanover Street crossing of said defendant railroad in the city of Fort Wayne, Indiana, and from obstructing and interfering with the rights of plaintiffs herein (appellees) and the general public to pass and repass along said Hanover Street over the defendant's right of way as aforesaid and said defendant (appellant) is now ordered and directed to remove said obstruction and barricade forthwith." The court rested said decree upon special findings of fact and conclusions of law found and stated at the request of the appellant who now insists that: (1) The facts found by the court do not justify the conclusions of law stated thereon; and (2) the evidence is insufficient to sustain the facts found.

The appellees' complaint is in three paragraphs, the first of which alleges that Hanover Street where it crosses the appellant's tracks and right of way is a public highway by implied dedication. The second paragraph relies upon an alleged private easement over the appellant's tracks at said point by prescription, and the third paragraph seeks damages measured by the cost of a new driveway to reach Coomes Street which crosses appellant's right of way some distance east of Hanover Street. The appellant answered (1) agreeable to Rule 1-3; (2) by their conduct with respect to the crossing in controversy the appellees have estopped themselves

from the prosecution of the cause of action alleged in their complaint; and (3) all public and private rights over said crossing had long since been abandoned prior to the commencement of this suit.

In general the appellant's contentions may be summarized as follows: Many conclusions of law are cast among the court's special findings of fact and when these are disregarded, as they must be, there remains: (1) no findings that warrant the conclusion that the appellees, or either of them, have a private easement over the appellant's right of way at Hanover Street; (2) no finding, nor evidence to support one if made, that Hanover Street across the appellant's right of way is a public highway by express dedication; and (3) no findings that support the conclusion that said crossing is a public highway by either (a) prescription or (b) implied dedication. Therefore, the court was in error when it concluded that the law is with the appellees and that they are entitled to injunctive relief.

For reasons that will become apparent as we proceed we find it unnecessary to discuss these propositions in their legal aspects. It seems clear to us that the court, with ample evidence to support it, found that as early as 1870 the Wabash and Erie Canal passed through the city of Fort Wayne in an easterly and westerly direction. At that time there was a way in said city known as Hanover Street which ran north and south and extended for a considerable distance on both sides of said canal. The portion of said street south of the canal was connected with that portion north thereof by a bridge which was used by the general public in passing to and fro across the canal continuously from 1870 to 1881 when said bridge was torn down to enable the appellant, who had purchased the canal right of way, to fill in the canal ditch and construct its roadbed and railroad tracks thereon. This work was

completed in 1883 when a grade crossing was built at the site of the old bridge and the general public resumed its use of the Hanover Street crossing as a means of ingress and egress to and from the lands north and south of the appellant's right of way which is identical with that of the old Wabash and Erie Canal. Such public use of the crossing continued until 1924 when the city of Fort Wayne, through the Board of Public Works, vacated that portion of Hanover Street extending north from the north property line of the appellant's right of way. Thereupon the appellee Wayne Pump Company, being the owner of the land on both sides of that portion of Hanover Street so vacated, fenced it off but preserved access to the crossing by putting a gate in said fence which the appellees, their employees and persons having business with them continued to use until the appellant barricaded Hanover Street on the south side of its right of way.

It is our opinion that the above facts, supported by ample evidence, establishes the Hanover Street crossing of the appellant's right of way as a highway by public user under the provisions of §36-1807, Burns' 1949 Replacement, the pertinent part of which reads as follows:

> "All highways heretofore laid out according to law, or *used as such for twenty (20) years or more,* shall continue as located and as of their original width, respectively, until changed according to law." (Our emphasis)

That statute or one of like import has been in force since 1867 and has been construed by our courts many times. The latest expression of the Supreme court is found in *Spindler et al.* v. *Toomey et al.* (1953), 232 Ind. 328, 111 N. E. 2d 715, wherein the court held that, if a road has been used as a highway for 20 years, this section fixes its status as a high-

way. and it is wholly immaterial whether the use has been with the consent or over the objection of the landowner. As late as 1954 this court said in *Discher et al.* v. *Klapp et al.* (1954), 124 Ind. App. 563, 117 N. E. 2d 753:

> "In this state, use is the sole test as to whether or not, a road was established by user after more than twenty years' usage and frequency of use or number of users is unimportant, it being enough. if use of the road in question was free and common to all who had occasion to use it as a public highway."

Perhaps the leading case on the subject is *Pitser* v. *McCreery* (1909), 172 Ind. 663, 88 N. E. 303, 89 N. E. 317, wherein the court said:

> "Under the statute but one question is presented, and that is, Has the road been used as a highway for twenty years? . . . If it has, the statute fixes its status as a highway, and it is wholly immaterial whether the use has been with the consent, or over the objection of the landowner. . . . It is not a question of a common-law dedication, or a way strictly by prescription, though analogous to the latter. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1898), 150 Ind. 536, 547. It is a statutory highway, by twenty years' user, irrespective of all other methods of creating highways. It is a highway created by statute.
>
> "If a highway arises by dedication, user for twenty years is not essential. A highway arising by prescription strictly, if highways can properly be said to arise by prescription, involves the question of an adverse use, but this statute involves neither of these considerations, and this furnishes the reasoning of the cases, that it is immaterial under this statute, whether the use is with the consent, or over the objection of the landowner, and in either event if the use exists for the statutory period, the status of the road is fixed as a highway. 'The statute does not affect a remedy merely, but establishes a right.' *Strong* v. *Makever, supra.* 'User for twenty years vests an indefeasible right in the

public.' *City of Fort Wayne* v. *Coombs* (1886), 107 Ind. 75, 79, 57 Am. Rep. 82. 'The law makes the lapse of time sufficient, without any other evidence.' . . . Under the issues joined on this petition, it was immaterial whether there had been any dedication or not, or any attempt to lay it out. It would become a highway . . . if the use had been without the consent, or over the objection of the adjoining landowners, as if it had been dedicated by them, if it had been continually used as such for the twenty years.' *McKeen* v. *Porter* (1893), 134 Ind. 483, 489.

" . . . The way does not arise from dedication, but from the user under this particular statute, under which the claim is made, and dedication or the intent of the owners is unimportant."

The appellant contends, however, that public use of the crossing from 1883 to 1924, a period of 41 years, was permissive only and is of no avail in establishing a public way either by prescription or implied dedication. While the court found no facts warranting the conclusion that the public's use of the crossing during such period was permissive only, it is apparent, from the authorities above cited, that even had the court so found it would be unimportant as a statutory highway by a public user in no way depends upon the common law principles governing the establishment of public highways by prescription or implied dedication. The appellant insists nevertheless that §55-3501, Burns' 1951 Replacement, forecloses any possibility of the crossing in controversy being considered a statutory highway by public user. Said statute reads as follows:

"The use by the public (of the) right of way or depot grounds of any railroad in this state by riding, driving or walking thereon, shall not ripen into a right to continue to do so even though it has been so used for a period of twenty (20) years or more; nor shall such use be evidence of a grant to do so except where such use is made across such

ground to connect a street or highway on each side thereof, and except where a court of competent jurisdiction has adjudged the existence of a street or highway."

This statute was enacted in 1899 and the appellant contends that prior to its effective date the use of the crossing by the public was not continuous for 20 years because of the interruption from 1881 to 1883 while the appellant was filling in the old canal ditch and constructing its roadbed and tracks thereon. That no public way across the appellant's tracks could be established by user since 1899 because of said statute. In our opinion this argument is fallacious in two respects. First, we see nothing in the findings or in the whole record indicating that use of the crossing from 1881 to 1883 was suspended by either the appellant or the city of Fort Wayne with the purpose of terminating the right of the public to use the same. The inescapable inferences are to the contrary and forces the conclusion that traffic over the crossing was interrupted solely for the purpose of altering the old canal right of way in a manner suitable to the uses of a steam railroad. In a legal sense public user of the crossing was uninterrupted from 1870 to 1924, a period of more than 50 years. *Mallett* v. *Simpson* (1886), 94 N. C. 37. In the second place, it will be noted that the statute upon which the appellant relies has no application where a crossing is used to connect a street or highway on each side of the railroad right of way. Such was clearly the case here until Hanover Street north of appellant's tracks was vacated in 1924, by which time public user for more than 20 years had made said crossing a statutory highway.

Next, the appellant says that the facts found by the court show that the appellee Wayne Pump Company

abandoned its right to use the crossing in 1924 ■ and that the appellee Lincoln Life has no right independent of Wayne Pump Company. The only fact found by the court that could possibly have any bearing on the question of abandonment is to the effect that when Hanover Street north of appellant's right of way was vacated by the city it reverted to the appellee Wayne Pump Company who promptly fenced it off. A gate was placed in the fence, however, and employees of the appellees and those having business with the appellees continued to use the Hanover Street crossing. Such facts are insufficient to show abandonment. *Nelson* v. *Randolph* (1906), 222 Ill. 531, 78 N. E. 914; *Corning* v. *Aldo* (1936), 185 Wash. 570, 55 P. 2d 1093; 26 C. J. S., Dedication §63 a., p. 552.

If there are other facts in evidence bearing on the question of abandonment, they were not found and, as the appellant had the burden of proof in respect thereto, we must conclude that they were not accepted by the court.

Estoppel is claimed against the appellee Wayne Pump Company because it built a fence across Hanover Street at what is now at its north end and against ■■■ Lincoln Life because its rights are derived solely through Wayne Pump Company. We see none of the principles of estoppel involved in this litigation. The inference is irresistible, there being no evidence to refute it, that because the city of Fort Wayne in 1924, through the Board of Public Works, saw fit to formerly vacate all of Hanover Street north of the appellant's right of way, said street was then a public highway and it necessarily follows that all the rest of the street, including the crossing in controversy, was and has remained a public highway to this day. As all of Hanover Street so vacated reverted to Wayne Pump Company the fact that said appellee fenced it off in

no way deprived the public of any rights, and the further fact that Wayne Pump Company placed a gate in said fence indicates quite clearly they had no intention of abandoning the use of the crossing for itself, its employees and those with whom it had occasion to transact business. It is true that the action of the city of Fort Wayne in vacating Hanover Street as aforesaid has resulted in a cul-de-sac and members of the general public, except as they have business with the appellees, can make no advantageous use of the crossing. This is of no legal importance however as the great weight of authority is to the effect that a cul-de-sac may be a public highway. *Nichols* v. *The State* (1883), 89 Ind. 298; *Stewart* v. *Swartz* (1914), 57 Ind. App. 249, 106 N. E. 719; *Adams et al.* v. *Harrington et al.* (1887), 114 Ind. 66, 14 N. E. 603.

The appellant next contends that in order for conclusions of law to be stated in favor of joint plaintiffs, as was done in this case, a joint cause of action must be shown in both plaintiffs, which was not done in this case. This contention seems to be based on evidence to the effect that the only access to the Hanover Street crossing from the north is over a driveway along the south side of buildings belonging to Wayne Pump Company. That such driveway is on the appellant's right of way and is used by Wayne Pump Company under the terms of an unassignable lease. Hence, Lincoln Life, having no legal access to the crossing, could not be injured by its obstruction. The court specifically found that when Lincoln Life bought its building site from Wayne Pump Company it bought access to the northern terminus of Hanover Street and there is evidence in the record that such terminus can be reached without resort to the driveway on the appellant's property. As such finding is supported by evidence we are bound by it, and the con-

clusion of law in favor of the appellees as joint plaintiffs below was proper. They have a common interest in the relief sought, i.e., removal of the barricade across Hanover Street, and the decree rendered grants such relief to both. *The First National Bank of Mt. Vernon et al.* v. *Sarlls et al.* (1891), 129 Ind. 201, 28 N. E. 434; *American Plate Glass Co.* v. *Nicoson* (1905), 34 Ind. App. 643, 73 N. E. 625.

Finally the appellant contends that no injunctive relief can be granted the appellees because they have an adequate remedy at law through the recovery of damages measured by the diminution in value of their property caused by the alleged wrongful barricade across Hanover Street. The law in relation to the right of private individuals to injunctive relief in situations of this kind is stated in 40 C. J. S., Highways, §226 b., as follows:

> "Where a road is shown to be an existing public highway, a private individual is entitled to an injunction against encroachments or obstructions thereon when, and only when, he has sustained special damage, different not merely in degree but in kind from that suffered by the public at large . . .
>
> "Where an obstruction cuts off access to property used for business or other purposes, injunction will lie on the ground of special damage. So, where a property owner by reason of such obstruction is compelled to take a more circuitous route in order to reach his property, he sustains a special injury different from that suffered by the general public, and may maintain an action to have the obstruction removed."

Under circumstances quite similar to those at bar, Indiana courts have recognized the propriety of injunctive relief in the following cases: *Burton* v. *Sparks* (1941), 109 Ind. App. 531, 36 N. E. 2d 962; *Lake Erie and Western Railroad Co. et al.* v. *The Town of Bos-*

*well* (1894), 137 Ind. 336, 36 N. E. 1103; *Michigan Cent. R. Co.* v. *Hammond, etc., Elec. R. Co.* (1908), 42 Ind. App. 66, 83 N. E. 650; *Lake Erie, etc. R. Co.* v. *Essington* (1901), 27 Ind. App. 291, 60 N. E. 457.

We find no error and the judgment herein is therefore affirmed.

Bowen, C. J., Kelley, P. J., Cooper, Crumpacker, Royse, JJ., concur.

NOTE.—Reported in 142 N. E. 2d 437.